1. CRIMINAL LAW ⊜⟶1092—RECORD—BILLS OF EXCEPTION—APPROVAL BY TRIAL COURT.

Bills of exception cannot be considered on appeal, where the trial court refused expressly to approve them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2803, 2829, 2834–2861, 2919; Dec. Dig. ⊜⟶1092.]

2. CRIMINAL LAW ⊜⟶982—IMPEACHMENT — ARRESTS FOR MISDEMEANORS AND FELONIES.

The state on the cross-examination of accused filing a plea for suspension of sentence on conviction may show that he had been repeatedly arrested for various misdemeanors and once for felony.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2500, 2501; Dec. Dig. ⊜⟶982.]

Appeal from District Court, El Paso County; W. D. Howe, Special Judge.

E. C. Backus was convicted of knowingly having in his possession a forged instrument with intent to pass the same, and he appeals. Affirmed.

Weeks & Vowell, of El Paso, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was indicted on two counts—the first for forgery; the other for knowingly having in his possession a forged instrument with intention to pass the same. Only the second count was submitted, and he was found guilty on that count, and his punishment assessed at the lowest prescribed by law.

Appellant claims that the evidence was insufficient to sustain the conviction. We have carefully read the statement of facts, and, in our opinion, the testimony was sufficient to sustain the conviction, and we would not be authorized to reverse the case on that ground.

[1] There is in the record what might otherwise be considered bills of exception, but the court refused expressly to approve them. Hence they cannot be considered.

[2] There is one which complains that the court permitted the state to ask him and required him to answer on cross-examination that he had been repeatedly arrested for various misdemeanors and once for a felony. The court, in approving the bill, expressly states that the appellant did not except when he overruled his objections to that character of testimony. The appellant filed his proper plea seeking the suspension of a sentence in case he was convicted. Even if he had excepted to the action of the court, it would present no error, because on his plea for suspended sentence said testimony was admissible. Williamson v. State, 167 S. W. 360; Conatser v. State, 170 S. W. 314.

The judgment is affirmed.

---

### BETHANY v. STATE. (No. 3773.)

(Court of Criminal Appeals of Texas. Nov. 3, 1915.)

1. FORGERY ⊜⟶34 — INDICTMENT — VARIANCE BETWEEN PURPORT CLAUSE AND INSTRUMENT.

Where the purport clause in an indictment alleges the instrument forged to have been the act of one or more named persons, while the instrument set out by its tenor is the act of more or less persons than alleged, the variance is fatal, especially in the absence of any innuendo or explanatory averments as to the nature of the instrument and its character.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 85–102; Dec. Dig. ⊜⟶34.]

2. FORGERY ⊜⟶28—INDICTMENT—REQUISITES —PURPORT CLAUSE.

An indictment for forgery need not state in the purport clause the names to the instrument forged.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 66–70, 74–76; Dec. Dig. ⊜⟶28.]

Appeal from District Court, Austin County; Frank S. Roberts, Judge.

Horace Bethany was convicted of forgery, and he appeals. Reversed, and prosecution ordered dismissed.

Johnson, Matthaei & Thompson, of Bellville, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of forgery; his punishment being assessed at two years' confinement in the penitentiary.

The Assistant Attorney General confesses error on the variance between the purport and tenor clauses. The indictment alleges that Horace Bethany, naming the date and county, did unlawfully without authority, and with intent to injure and defraud, willfully and fraudulently make a certain false instrument in writing, purporting to be the **act of another, to wit,** purporting to be the act of Willie Smith, which said false instrument is to the tenor as follows. Then follows the instrument itself, signed by Horace Bethany, Richard Bethany, and Willie Smith.

[1] The indictment was attacked in the lower court on motion in arrest of judgment. Without taking up these matters seriatim, there are no innuendo or explanatory averments in the indictment with reference to the count in the indictment. It seems under the authorities that, where the purport clause unnecessarily alleges the instrument to be

the act of one or more named parties, and the instrument set out by its tenor is the act of more or less parties than are alleged in the purport clause, the variance is fatal. This is the rule aptly stated by Mr. Branch in his work on Criminal Law, in section 382. There are quite a number of cases cited by Mr. Branch in support of this statement of the law. It is unnecessary, we think, here to recapitulate these cases. Mr. Branch has done so, and they will be found there collated. It is also stated by the same writer, in the same section, that if the indictment undertakes to allege whose act the instrument purports to be, any variance between the purport and tenor clauses will be fatal. He also collates quite a number of authorities under this statement of the law.

[2] It was not necessary to have stated in the purport clause the names to the instrument, but, having done so, and the instrument set out by its tenor shows it was signed by additional parties to those alleged in the purport clause, it seems, under the authorities, that this would be a fatal variance, especially in the absence of any innuendo or explanatory averments as to the nature of the instrument and its character.

There are other interesting questions in the case, and some serious doubt about the sufficiency of the evidence, but those are not discussed in view of the above holding.

The judgment will be reversed, and the prosecution ordered dismissed.