No. 37,796

FRANK W. HOLDEN, *Appellant,* v. R. H. HUDSPETH, Warden, Kansas State Penitentiary, *Appellee.*

(211 P. 2d 64)

·Opinion filed November 12, 1949.

*Frank W. Holden* filed a brief *pro se.*

*Harold R. Fatzer,* attorney general, and *C. Harold Hughes,* assistant attorney general, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: On April 26, 1949, Frank W. Holden, an inmate of our state penitentiary, filed in the district court of Leavenworth county a petition for a writ of habeas corpus seeking his discharge from the respondent warden. Issues were framed and a trial was had, after which the court denied the writ and remanded petitioner

to the custody of the respondent warden. From this order petitioner has appealed.

The record before us may be summarized as follows: On June 8, 1940, in the district court of Coffey county the petitioner, then represented by two able, reputable attorneys, entered a plea of guilty to an information which charged him in separate counts with three distinct felonies, namely, assault with a deadly weapon with intent to rob, burglary in the first degree and burglary in the second degree. The trial court accepted the pleas of guilty and sentenced him, as provided by statute, on each of the offenses charged, the sentences to run concurrently; and since the petitioner was under the age of twenty-five years, committed him to the Kansas state industrial reformatory at Hutchinson until released by operation of law under the rules and regulations of that institution.

Although it is not questioned here, we state as a part of the history of the case the fact that in 1942 he was duly paroled from that institution and thereafter violated his parole, the parole was revoked and he was taken into custody and returned to the reformatory.

On May 7, 1946, he was again paroled and allowed to go at large from the industrial reformatory, but in the lawful custody of the state board of administration, as prescribed by G. S. 1935, 76-2315. On September 24, 1946, he stole an automobile in Kansas City, Mo., and transported it into the state of Oklahoma. He was apprehended in Oklahoma by the Kansas authorities September 27, 1946, signed a waiver of requisition for his return to Kansas, where he was wanted for the violation of his parole and for investigation concerning other felonies committed in Kansas, which investigation disclosed that he was not connected with. Upon demand by the United States marshal the Kansas authorities released him to federal authorities for prosecution under the Dyer act for the larceny of an automobile and transporting it from one state to another. For this offense he was tried in the federal district court of eastern Missouri, found guilty, and sentenced to the federal penitentiary at Leavenworth for two years and was given a conditional release by the federal government on May 18, 1948, at which time he was taken into custody by the Kansas authorities for return to the Kansas state reformatory as a parole violator. Shortly thereafter, by order of the state board of administration, he was transferred to the state penitentiary, where he is now in custody.

In this court appellant contends that his signing of a waiver of extradition to return from Oklahoma to Kansas constitutes a "contract" between himself and the state, by reason of which the state agreed to prosecute him only on state charges then pending, and that the release of appellant to the federal authorities constituted an abrogation of the terms of the contract. The point is not well taken and we think it is sufficiently covered by the cases of *In re Flack*, 88 Kan. 616, 129 Pac. 541; *In re Martin*, 142 Kan. 907, 52 P. 2d 1196, and *Tines v. Hudspeth*, 164 Kan. 471, 190 P. 2d 867, and authorities cited therein.

Appellant further contends that when he was released by the Kansas authorities to the federal authorities to be prosecuted for violation of the Dyer act the state of Kansas thereby lost its jurisdiction over him to return him to the institution as a parole violator. This point is not well taken. (See *Perry v. Gwartney*, 162 Kan. 607, 178 P. 2d 185, and *Ohrazada v. Turner*, 164 Kan. 581, 190 P. 2d 413, and authorities cited in those cases.)

In support of his contentions appellant cites *Hunter v. Martin*, 334 U. S. 302; 68 S. Ct. 1030; 92 L. ed. 1401, and *Rosenthal v. Hunter*, 164 F. 2d 949. We have examined these cases and find they do not support appellant's contentions.

We find no error in the record. The judgment of the trial court is affirmed.