**CHRISTOPHER v. TOZER, Sheriff, et al.**

No. 29000.

St. Louis Court of Appeals.

Missouri.

Jan. 25, 1954.

Francis P. Dorsey, Byron A. Roche, St. Louis, for petitioner.

Edward L. Dowd, Circuit Atty., Thomas P. Howe, Asst. Circuit Atty., Wm. G. Sparrow, St. Louis, for respondents.

HOUSER, Commissioner.

On January 22, 1954 petitioner filed his petition for a writ of habeas corpus in this court alleging that he was being illegally restrained of his liberty by the Warden of the Municipal Jail of the City of St. Louis by order of the sheriff of said city under a warrant issued by the Judge of the Court of Criminal Correction, Division No. 1, charging that petitioner was a fugitive from justice from the State of Tennessee; that on December 23, 1953 petitioner was brought before that court and committed to jail until January 7, 1954; that on January 7, 1954 the matter was continued by the court until January 21, 1954 and petitioner was recommitted to the jail; that on January 21, 1954 the matter was again continued by the court until February 11, 1954 and that petitioner was recommitted to the jail. Petitioner claimed that the continuance and recommitment on January 21, 1954 was illegal under Supreme Court Rules of Criminal Procedure for the Courts of Missouri, §§ 34.02 and 34.04, now §§ 548.151 and 548.171 RSMo 1949, V.A.M.S. Upon the filing of the petition we issued our writ of habeas corpus, returnable forthwith. On the same day the Sheriff of the City of St. Louis produced the body of petitioner in open court and made a return setting up the same facts, but averring that the hearings on January 7 and 21 were within the thirty-day period provided for in § 34.02, supra, and that the recommitment on January 21, 1954 was legal and in accord with § 34.04, supra. Petitioner moved for judgment on the pleadings.

Under the authority of § 548.151, supra, a judge or magistrate has the power and authority to commit to jail a person charged with having committed a crime in a foreign jurisdiction and that he has fled from justice "for such a time not exceeding thirty days" as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense. If the accused be not arrested under a requisition warrant of the governor by the expiration of the period fixed by the judge or magistrate the latter either may discharge the accused, "or may recommit him for a further period not to exceed sixty days". § 548.171, supra. These sections give the judge or magistrate a limited discretionary power to commit the accused for one time period not to exceed thirty days, and thereafter to order one recommitment for a further period of not to exceed sixty days, within which to procure the issuance and execution of a requisition warrant. The judge or magistrate has no power other than that conferred by these sections, and cannot fix several successive periods of time within the thirty and sixty day periods. When the judge or magistrate fixed the original fifteen-day period his jurisdiction under § 548.151, supra, was exhausted, and when he recommitted the petitioner for the second fifteen-day period his authority under § 548.171, supra, was spent. Any further attempt to recommit the petitioner was without jurisdiction and void for the reason that there is no authority conferring such power, and therefore the order under which respondents seek to justify the restraint of the petitioner is illegal and void.

The motion for judgment on the pleadings should be sustained and the petitioner ordered discharged forthwith from the custody of respondents, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court, and pursuant thereto respondents are commanded to discharge Lawrence Christopher, also known as Cole Bliss Blackburn, forthwith from the custody of respondents.

ANDERSON, P. J., and RUDDY and BENNICK, JJ., concur.