No. 43,855

MAYNARD ALLEN HEDGE, *Appellee*, v. HENRY P. CAMPBELL, Sheriff, Leavenworth County, Kansas, *Appellant.*

(389 P. 2d 834)

Opinion filed March 7, 1964.

*Arthur E. Palmer*, Assistant Attorney General, argued the cause, and *William M. Ferguson*, Attorney General, *Robert J. Lewis, Jr.*, Assistant Attorney General, *Edward J. Chapman, Jr.*, County Attorney and *Robert D. Beall*, Assistant County Attorney, were with him on the brief for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a habeas corpus proceeding.

The petitioner, Maynard Allen Hedge, will be referred to as plaintiff.

The respondent, Henry P. Campbell, sheriff of Leavenworth county, will be referred to as defendant.

Defendant has appealed from an order granting a writ of habeas corpus releasing plaintiff from custody.

The question presented concerns the construction of provisions of the Uniform Criminal Extradition Act (G. S. 1949, 62-727 to 62-757). More specifically, the question concerns the sufficiency of a "demand" by a demanding state to support a warrant by the governor of this state for the extradition to such demanding state of a fugitive found in this state.

There appears to be no dispute as to the facts.

On July 3, 1962, upon his plea of guilty to the charge of larceny of an automobile, a felony, in the superior court of Los Angeles county, California, plaintiff was sentenced to imprisonment—

". . . for the term prescribed by law, which sentence is ordered to run CONCURRENTLY with Federal sentence defendant may receive."

While awaiting transfer to the California state prison plaintiff was

released by the California authorities into the custody of federal authorities to stand trial upon a charge pending against him in federal court. He was convicted in federal court and was imprisoned in the United States penitentiary in Leavenworth county.

His sentence on the federal charge was to expire on September 10, 1963, but the sentence of July 3, 1962, imposed by the California state court, would not have expired on September 10, 1963, the date of his scheduled release by the federal authorities.

In the meantime, on August 22, 1963, the governor of the state of California issued a requisition to the governor of this state in the form of a "demand" which requested that upon plaintiff's release by the federal authorities he be delivered over to an agent of the state of California for return to that state. The requisition alleged that plaintiff had "fled from the justice" of California and had "taken refuge" in this state, and that he was a "fugitive from justice." Accompanying the requisition were duly authenticated copies of the California state court proceedings showing the conviction of plaintiff in that state.

Pursuant to the requisition from the state of California, the governor of this state, on August 29, 1963, issued a warrant directing defendant sheriff to apprehend and deliver plaintiff fugitive into the custody of a named agent of the state of California. Pursuant thereto, upon plaintiff's release by the federal authorities, defendant took plaintiff into custody for delivery to the California authorities.

Immediately thereafter plaintiff filed a petition for a writ of habeas corpus in the district court of Leavenworth county, alleging that the state of California no longer had jusisdiction of him and, having served the sentence imposed by the federal authorities, he was entitled to his release.

The matter was heard on September 10, 1963, at which time all parties were present and introduced evidence. On September 13, 1963, the court granted the writ, and in doing so made the following findings:

"1. The petitioner entered a plea of guilty in the Superior Court of the County of Los Angeles in the State of California to the charge of a violation of Section 10851 of the Vehicle Code of California, a felony.

"2. The petitioner was sentenced by the Superior Court of the County of Los Angeles in the State of California on July 3, 1962, upon his plea of guilty, to be punished by imprisonment in the state prison for the term prescribed by law, which sentence was ordered to run concurrently with any federal sentence which the petitioner might receive.

While awaiting transfer to the California State Prison, the petitioner was released by the California authorities into the custody of a United States Marshal.

"4. The petitioner was released from the United States Penitentiary at Leavenworth, Kansas, on September 10, 1963, into the custody of the Sheriff of Leavenworth County, Kansas, for extradition to the State of California.

"5. The respondent sheriff of Leavenworth County, Kansas, is holding the petitioner in custody by virtue of a warrant issued by the Governor of the State of Kansas which directs that the petitioner be delivered into the custody of a duly commissioned agent of the State of California.

"6. The sentence imposed upon the petitioner on July 3, 1962, by the Superior Court of the County of Los Angeles in the State of California has not expired.

"7. The authorities of the State of California voluntarily released the petitioner into the custody of the federal authorities. The petitioner has not escaped from confinement and he has not broken the terms of his bail, probation or parole.

"8. The executive authority of the demanding State of California has not submitted to the Governor of the State of Kansas a statement that the petitioner has escaped from confinement or has broken the terms of his bail, probation or parole.

"9. The warrant issued by the Governor of the State of Kansas which directs that the petitioner be delivered into the custody of a duly commissioned agent of the State of California is void for the reason that under the provisions of Section 62-729 of the General Statutes of Kansas no demand for the extradition of a person sentenced for a crime in another state shall be recognized by the Governor unless the person sought to be extradited has escaped from confinement or has broken the terms of his bail, probation or parole.

"10. The petitioner is being illegally restrained of his liberty by the respondent sheriff of Leavenworth County, Kansas.

"IT IS, THEREFORE, ORDERED AND ADJUDGED that the petitioner be released from the custody of the respondent sheriff of Leavenworth County, Kansas."

From this judgment the defendant sheriff has appealed.

Article IV, Sec. 2, of the constitution of the United States in material part, states:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

G. S. 1949, 62-728, being a section of our Uniform Criminal Extradition Act, reads:

"Subject to the provisions of this act, the provisions of the constitution of the United States controlling, and any and all acts of congress enacted in pursuance thereof, it is the duty of the governor of this state to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state."

The next section, G. S. 1949, 62-729, the construction of which is here involved, reads:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, . . ., that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

In findings Nos. 7 and 8, above, the court found that the California authorities voluntarily released plaintiff into the custody of the federal authorities; that he had not escaped from confinement and had not broken the terms of his bail, probation or parole, and that the governor of California had not submitted to the governor of this state a statement that plaintiff had escaped from confinement or had broken the terms of his bail, probation or parole.

Defendant sheriff does not dispute the correctness of those two findings.

In finding No. 9, above, which is in the nature of a conclusion, and the correctness of which is the decisive point in this case, the basis of the court's decision appears to be that under the language of G. S. 1949, 62-729, when a person sought to be extradited has been convicted of and sentenced for a crime in the demanding state—as was the case here—the demand, in order to support the issuance of a warrant by the governor of this state, must state that the person sought to be extradited has escaped from confinement or has broken the terms of his bail, probation or parole.

We believe such construction of the statute is too narrow and that, carried to its ultimate conclusion, would be in violation of the above-quoted provision of the United States constitution and would completely thwart the very purpose of the extradition laws.

There can be no question but that with respect to the state of California—plaintiff is a fugitive from justice. In *In re Martin*, 142 Kan. 907, 52 P. 2d 1196, it was said that where one commits

an offense in the demanding state and thereafter goes or is taken into another or asylum state, his motives in leaving or the reasons why he left the demanding state are immaterial. (p. 909.)

In *Thompson v. Nye*, 174 Kan. 750, 257 P. 2d 937, it was held:

"The term 'fugitive from justice,' as used in statutes pertaining to extradition, is not synonymous in meaning with the term 'fleeing from justice,' as used in the statute of limitations. Ordinarily, in statutes relating to extradition the term 'fugitive from justice' has reference to one who has committed an offense in one state or jurisdiction and is afterwards found in another." (syl. 1.)

"A petitioner for habeas corpus seeking to defeat extradition has the burden of establishing he is not a fugitive from justice." (syl. 3.)

In *Tines v. Hudspeth*, 164 Kan. 471, 190 P. 2d 867, it was said:

"The third claim made by petitioner and relied on by him as a ground for the issuance of a writ is likewise untenable. While it is true that under the provisions of article 4 of the constitution of the United States and laws enacted thereunder (18 U. S. C. A., §§ 662, 663) no person can be lawfully removed from one state to another by extradition unless he is charged with crime and is a fugitive from justice, petitioner's contention that he was neither charged with crime nor a fugitive when extradited from Nebraska cannot be upheld. We are not disposed to labor the issue. Petitioner's sentence under the judgment rendered by the district court had not expired on the date of his extradition. Under numerous decisions, within the meaning of such terms as used in the constitution and the criminal code, a person is 'charged with crime' where prosecution has been initiated, pursued to judgment of conviction and sentence has not expired [citing]. He is also a 'fugitive from justice.'" [Citing] (p. 477.)

In *Holden v. Hudspeth*, 168 Kan. 194, 211 P. 2d 64, it was said:

"Appellant further contends that when he was released by the Kansas authorities to the federal authorities to be prosecuted for violation of the Dyer act the state of Kansas thereby lost its jurisdiction over him to return him to the institution as a parole violator. This point is not well taken." (p. 196.)

To the same effect see *Ohrazada v. Turner*, 164 Kan. 581, syllabi 3 and 4, 190 P. 2d 413.

The statute, G. S. 1949, 62-729, is in the disjunctive, and provides for two alternative showings by the demanding state in order to secure extradition—that is, that the person is a fugitive from justice, *or*, having been convicted and sentenced, has escaped from confinement or has broken the terms of his bail, probation or parole. Plaintiff had committed a crime in the state of California. The fact authorities of that state turned him over to the federal authorities for prosecution did not deprive California of jurisdiction over him when he completed the federal sentence. The fact he came into this state involuntarily makes no difference. While he did not "flee"

from California in the literal sense of the word, nevertheless, not having completed the sentence imposed by the state court of California, he, at the time of his release in this state by the federal authorities, was, as to the state of California, a fugitive from justice and therefore was subject to being returned to that state. The demand by the governor of California complied with the provisions of the mentioned statute and was sufficient to support the issuance of the warrant by the governor of this state. Pursuant to the command of that warrant, plaintiff was in lawful custody of defendant sheriff and the writ of habeas corpus was erroneously granted. The judgment is therefore reversed with directions to deny the petition for a writ.

FONTRON, J., not participating.