No. 47,393

FRANK ODOM, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 217)

Opinion filed July 17, 1974.

*Robert E. Jenkins,* of Phillips and Jenkins, of Kansas City, argued the cause, and *Wayne H. Phillips,* of the same firm, was with him on the brief for the appellant.

*Dennis L. Harris,* Assistant District Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Nick A. Tomasic,* District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This case arises out of an attempt by the state of Missouri to extradite the appellant, Frank Odom. The appeal is from a judgment of the district court of Wyandotte county denying a writ of habeas corpus. The facts in the case are not in dispute and are substantially as follows: On June 20, 1973, a formal complaint was filed by the district attorney in the magistrate court of Wyandotte county charging Odom with the crime of being a fugitive from Jackson County, Missouri, after having committed the offense of selling narcotic drugs. Odom was arrested on the fugitive warrant and was brought before Magistrate Judge Tudor M. Nellor. Bond was set in the amount of $1,000 and appellant was ordered to appear before the court on June 26. On June 26 Odom appeared before the magistrate court with his appointed counsel, Robert E. Jenkins. The state advised the court that a governor's

warrant had not yet been received and moved for a continuance. The magistrate granted a continuance until July 17, 1973.

On July 17, Odom appeared in magistrate court with his counsel and again the state informed the court that the governor's warrant had not arrived and moved for a continuance. The court granted a continuance until July 31, 1973. On July 27, 1973, the governor's warrant had been received by the district attorney and pursuant to K. S. A. 1973 Supp. 22-2710 a hearing was held before the Honorable Harry G. Miller, Jr., judge of the district court, division No. 3. Odom was informed of his rights by the court. Odom then advised the court that he intended to file a petition for a writ of habeas corpus to seek his immediate release. On August 3, a petition for a writ of habeas corpus was filed by Odom. The state filed its answer on August 6. On August 9, 1973, a hearing on the petition for habeas corpus was held by the Honorable William J. Burns, judge of the district court, division No. 2. Judge Burns denied the petition. Mr. Odom has brought an appeal to this court.

Appellant urges several points on this appeal all of which take the same basic position that he should be released because he was held in jail an excessive length of time from his arrest on June 20, 1973, until his hearing was held on the execution of the governor's warrant on July 27, 1973. It should be noted that the total lapse of time from arrest until hearing was 38 days. The determination of this appeal requires a construction of K. S. A. 1973 Supp. 22-2715 and 22-2717, which are sections of the Uniform Criminal Extradition Act adopted by this state. These sections are as follows:

"22-2715. Commitment to await requisition; bail. If from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged and, except in cases arising under section 22-2706, that he has fled from justice, the judge or magistrate must, by a warrant reciting the accusation, commit him to the county jail for such a time not exceeding thirty days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in the next section, or until he shall be legally discharged."

"22-2717. Extension of time of commitment; adjournment. If the accused is not arrested under warrant of the governor by the expiration of the time specified in the warrant or bond, a judge or magistrate may discharge him or may recommit him for a further period not to exceed sixty days, or a judge or magistrate may again take bail for his appearance and surrender, as provided in section 22-2716, but within a period not to exceed sixty days after the date of such new bond."

It should be noted that 22-2715 authorizes the judge or magistrate initially to commit a fugitive to the county jail for a period of time not to exceed thirty days. The statute explicitly recites the purpose for the time of commitment which is "for such a time not exceeding thirty days . . ., as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, . . ." If this period is not sufficient to enable the state to come forward with a governor's warrant an extension of time may be obtained under 22-2717. That statute provides that the judge or magistrate may discharge the accused or may recommit him for a further period not to exceed sixty days.

Counsel seeks to avoid the provisions of 22-2717 by maintaining that under that section the magistrate may grant only *one* continuance not to exceed sixty days. He relies upon *Christopher v. Tozer,* (Mo. App. 1954) 263 S. W. 2d 864. We find that this contention is without merit. 22-2717 does not specifically restrict the magistrate's power to the granting of only one continuance at the state's request for a period not to exceed sixty days. The courts of this state have a broad discretion in the granting of continuances in disposing of matters brought before them. This is necessary in order that our courts may properly manage their dockets. (*Fouts v. Armstrong 'Commercial Laundry Distributing Co.,* 209 Kan. 59, 495 P. 2d 1390.) The granting of a continuance will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. We believe that a reasonable construction of 22-2717 gives authority to a judge or magistrate to grant to the state for good cause more than one continuance so long as the sixty-day statutory limit is not exceeded. Such a construction of 22-2717 encourages the magistrate to set the extradition matter for hearing within the shortest possible time. Thus unnecessary jail time may be avoided. Furthermore in other provisions of our Code of Criminal Procedure the legislature has specifically restricted the power of the court to grant "not more than one continuance" where that has been the legislative intent. (K. S. A. 1973 Supp. 22-3402 [3] (*c*) and (*d*).) No such limitation on the number of continuances is contained in K. S. A. 1973 Supp. 22-2717.

The appellant's final point is that he was denied his constitutional right to a speedy trial in violation of federal and state constitutional provisions. The issue of denial of a right to a speedy trial is beyond the limited scope of inquiry permissible in an extradition

proceeding in an asylum state. That issue may properly be raised only in the demanding state where the accused is being prosecuted. In *In re Justice*, 175 Kan. 25, 259 P. 2d 152, we restricted the scope of inquiry permissible in an extradition proceeding in the asylum state by the following language:

". . . the courts of the asylum state have no right to consider the merits of the trial of a person sought to be extradited, or any questions pertaining to his guilt or innocence, or whether his constitutional rights were violated leading to his conviction, but can consider only question of asylum state's obligation to surrender him upon the governor's warrant. . . ." (p. 31.)

This general principle should apply to claims of a denial of the right to a speedy trial. For a case exactly in point see *Commonwealth ex rel. Johnson v. Johnson*, 221 Pa. Super. 304, 292 A. 2d 456 (1972). Counsel for the appellant cites no authorities to the contrary to support his position.

For the reasons set forth above the judgment of the district court is affirmed.