No. 48,545

Howard Killingsworth, *Appellant*, v. Dan Hawes, *Appellee.*

(563 P.2d 478)

Opinion filed April 9, 1977.

*Thomas M. Dawson*, of Leavenworth, argued the cause and was on the brief for the appellant.

*Roger M. Theis*, Assistant Attorney General, argued the cause, and *Curt T. Schneider*, Attorney General, and *Patrick J. Reardon*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: This is a habeas corpus action brought under the provisions of K. S. A. 60-1501 against the Sheriff of Leavenworth County. Appellant, a former inmate of the federal penitentiary at Leavenworth, was released after serving his sentence at that institution to the custody of the sheriff pursuant to requisition papers seeking his extradition to the State of Alabama.

Appellant was paroled from a life sentence for rape in Alabama on February 5, 1973. However, he was subsequently declared delinquent, having been convicted of the federal violation for which he served sentence in Leavenworth and also having been charged with other offenses in the State of Alabama. An extradition hearing conducted pursuant to the Uniform Criminal Extradition Act, K. S. A. 22-2701, *et seq.*, resulted in the issuance of a Kansas governor's warrant ordering appellant's return to Alabama authorities. No challenge is made as to the validity of this governor's warrant.

In his claim for relief, appellant relies on the cruel and unusual punishment prohibition of the Eighth Amendment to the Constitution of the United States and the ruling of the United States District Court (M.D. Alabama, N.D. 1976) in *Pugh v. Locke*, 406 F. Supp. 318, wherein it was held that conditions of confinement in Alabama penal institutions constituted cruel and unusual punishment.

In the instant case, the trial court denied relief holding that the issue presented was not cognizable in a habeas corpus proceeding attempting to enjoin extradition. This appeal followed.

We find no error in the trial court's ruling. Appellant's reliance upon *Pugh* is misplaced. The decision expressly exempted persons in appellant's class from the pertinent aspect of its mandate. In this connection the *Pugh* opinion reads:

". . . No new prisoners, except escapees and parole violators who have had their paroles revoked, may be accepted until the inmate population is no greater than the design capacity for each facility." (p. 332.)

Apart from the express exclusion of parole violators in *Pugh* the decision of the United States Supreme Court in *Sweeney v. Woodall,* 344 U. S. 86, 97 L. Ed. 114, 73 S. Ct. 139, reh. den. 344 U. S. 916, 97 L. Ed. 706, 73 S. Ct. 332, precludes consideration of the issue in the courts of this state. In *Sweeney* an Ohio prisoner fought extradition to Alabama, alleging that he would be beaten and mistreated by Alabama penal officials upon his return and thereby subjected to cruel and unusual punishment in contravention of the Eighth and Fourteenth Amendments. The contention in *Sweeney* was summarily dismissed in the following language:

". . . The scheme of interstate rendition, as set forth in both the Constitution and the statutes which Congress has enacted to implement the Constitution, contemplates the prompt return of a fugitive from justice as soon as the state from which he fled demands him; these provisions do not contemplate an appearance by Alabama in respondent's asylum to defend against the claimed abuses of its prison system. Considerations fundamental to our federal system require that the prisoner test the claimed unconstitutionality of his treatment by Alabama in the courts of that State. Respondent should be required to initiate his suit in the courts of Alabama, where all parties may be heard, where all pertinent testimony will be readily available and where suitable relief, if any is necessary, may be fashioned." (pp. 89-90.)

Under analogous circumstances this court has held the courts of an asylum state are not the proper forum in which to litigate an alleged denial of the constitutional right to a speedy trial. In *Odom v. State,* 215 Kan. 456, 524 P. 2d 217, we said:

". . . The issue of denial of a right to a speedy trial is beyond the limited scope of inquiry permissible in an extradition proceeding in an asylum state. That issue may properly be raised only in the demanding state where the accused is being prosecuted. . . ." (pp. 458-459.)

The rationale of the decisions in the cases referred to flows

from the provisions of our Federal Constitution (Art. IV, sec. 2, para. 2), the pertinent portion of which reads:

"A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on demand of the executive Authority of the State from which he fled, be delivered up to be removed to the State having Jurisdiction of the Crime."

We hold that the issue whether appellant's confinement in the penal institutions of Alabama is cruel and unusual punishment is beyond the scope of inquiry permissible in an extradition proceeding in this—the asylum state.

The judgment is affirmed.