No. 49,355

PEDRO G. LONGORIA, *Appellant*, v. SHERIFF OF LEAVENWORTH
COUNTY and AGENTS OF THE STATE OF TEXAS, *Appellees*.

(589 P.2d 607)

Opinion filed January 20, 1979.

*Michael F. Willcott,* of Leavenworth, argued the cause, and *William E. Pray,* of Leavenworth, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, and *Patrick J. Reardon,* county attorney, were on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal from an order of the Leavenworth District Court dissolving a writ of habeas corpus filed by Pedro G. Longoria (petitioner-appellant). The petitioner was released pursuant to extradition papers to the custody of the sheriff seeking his extradition to the State of Texas.

The petitioner challenges the sufficiency of the demand papers filed in Kansas and contends the trial court erred in ruling it was without jurisdiction to consider the allegation he was denied a speedy trial.

The facts are undisputed. On January 8, 1975, a Texas grand jury returned an indictment against the petitioner charging him with possession of the controlled substance of heroin. On December 1, 1975, the petitioner filed a motion to dismiss for failure to prosecute the charges against him in the Leavenworth District Court. The trial court construed this motion as a petition for writ of habeas corpus and issued it the next day.

The response by Dan Hawes, sheriff of Leavenworth County, stated the petitioner was being held based upon a fugitive warrant from the State of Texas dated January 24, 1975. Counsel was then appointed for the petitioner and on January 26, 1976, he filed an amended and supplemental petition for a writ of habeas corpus.

Thereafter, the matter was deferred while the petitioner pursued action in the United States District Court. On December 2, 1976, the trial court dissolved the writ of habeas corpus and directed the petitioner be delivered to the agent of the State of Texas for return to that jurisdiction. This appeal has been duly perfected.

The petitioner first contends the trial court erred in dissolving the writ of habeas corpus when it found the papers filed on the petition were sufficient. Specifically he argues the extradition papers must contain a statement by the executive authority of the demanding state that the person claimed has escaped confinement or has broken the terms of his bail regardless of conviction and sentence.

This argument must fail. K.S.A. 22-2703 provides in pertinent part:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole, or that the sentence or some portion of it remains unexecuted and that the person claimed has not been paroled or discharged or otherwise released therefrom."

In *Hedge v. Campbell,* 192 Kan. 623, 389 P.2d 834 (1964) our court construed G.S. 1949, 62-729, the predecessor to the current statute. We stated:

"The statute, G.S. 1949, 62-729, is in the disjunctive, and provides for two alternative showings by the demanding state in order to secure extradition—that is, that the person is a fugitive from justice, *or,* having been convicted and sentenced, has escaped from confinement or has broken the terms of his bail, probation or parole." (p. 628.)

Contrary to the petitioner's assertion, K.S.A. 22-2703 does not require *in every case* that the demanding state's documents include a statement the person has escaped confinement or broken the terms of bail.

Moreover, K.S.A. 22-2703 should be read in conjunction with K.S.A. 1977 Supp. 22-2723. Subsection (1) of the later statute applies to those cases in which the charges are untried and subsection (2) applies to those cases in which the person has been convicted. Under subsection (2) both the conviction of a crime and escape make it necessary to include the terms of bail, probation or parole in the requisition application.

We have often stated when an accused challenges extradition in a habeas corpus proceeding brought under the Uniform Criminal Extradition Act, the governor's warrant issued in the extradition proceedings is presumed valid and regular in all respects, thus casting the burden of proof upon the petitioner to overcome the *prima facie* case made by the governor's warrant. *King v. Hawes,* 224 Kan. 335, 337, 580 P.2d 1318 (1978) and cases cited therein. Here, to interpret the statute as petitioner suggests, requiring a statement of escape or broken terms of bail for untried charges, would create absurd results and be contrary to Kansas law.

The petitioner also contends the trial court erred in dissolving the writ of habeas corpus when it found the petitioner's claim of a speedy trial violation should be raised in the demanding state. Our court denied a similar contention in *Odom v. State,* 215 Kan. 456, Syl. ¶ 2, 524 P.2d 217 (1974). Petitioner's reliance upon *Wilbanks v. State,* 224 Kan. 66, 579 P.2d 132 (1978) is misplaced.

The judgment of the lower court is affirmed.