(620 P.2d 352)

No. 51,868

JAMES STEWART, *Appellant,* v. SHERIFF OF LEAVENWORTH COUNTY, KANSAS, and AGENTS OF THE STATE OF WISCONSIN, *Appellees.*

Petition for review denied January 23, 1981.

Opinion filed December 12, 1980.

*Michael F. Willcott,* of Leavenworth, for appellant.

*Patrick J. Reardon,* county attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: This is an appeal from the trial court's denial of a writ of habeas corpus brought by James Stewart in an effort to prevent extradition from Kansas to Wisconsin.

Two issues are presented. Stewart denies he is a fugitive from justice on the theory that his Wisconsin conviction is void because of an alleged violation of the Interstate Agreement on Detainers Act. He argues also that the district court erred in refusing to consider the issue and in ruling that any violation of the detainer act must be raised in the demanding state. Stewart claims article IV(*a*) and (*e*) of the uniform detaining act (K.S.A. 22-4401; Wis. Stat. Ann. § 976.05 [West]) was violated in that he was transferred back and forth between federal and state juris-

diction and custody in Wisconsin prior to his trial having been concluded.

Stewart's counsel recognizes that the law in *Michigan v. Doran,* 439 U.S. 282, 289, 58 L.Ed.2d 521, 99 S.Ct. 530 (1978), relative to habeas corpus challenge to extradition proceedings was adopted almost verbatim in the recent case of *Gladney v. Sheriff of Leavenworth County,* 3 Kan. App. 2d 568, Syl., 598 P.2d 559 (1979), wherein this Court stated:

"Where a governor has granted extradition, *a court considering release on habeas corpus can do no more than decide* (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) *whether the petitioner is a fugitive.*" Emphasis added.

Stewart seeks to avoid the *Doran* rule by claiming that by definition he cannot hold the status of a fugitive because the Wisconsin conviction is void. The cases cited by appellant in support of the stated proposition do not lend themselves to the case at hand. Instead, the cited cases deal with situations wherein the defendant invoked the question of a detainer act violation (art. IV[*e*] or V[*c*]) at the trial level in the respective jurisdictions in which each was actually tried (*State v. Keener,* 224 Kan. 100, 577 P.2d 1182 [1978]; *State v. Clark,* 222 Kan. 65, 563 P.2d 1028 [1977]; *United States v. Thompson,* 562 F.2d 232 [3d Cir. 1977]; *Commonwealth v. Merlo,* 242 Pa. Super. Ct. 517, 364 A.2d 391 [1976]), or the defendant was allowed to raise the violation on appeal in the state in which he was tried (*United States v. Cyphers,* 556 F.2d 630 [2d Cir. 1977]). It does not appear from Stewart's own rendition of the facts of this case and of the proceedings in Wisconsin that he ever raised the issue in Wisconsin or took an appeal from his Wisconsin conviction.

In *Woody v. State,* 215 Kan. 353, 524 P.2d 1150, *cert. denied* 419 U.S. 1003 (1974), the Kansas Supreme Court affirmed a judgment denying a petition for writ of habeas corpus that contested extradition to a foreign state for the purpose of serving a sentence previously imposed in that state. The petition was based in part on alleged trial irregularities. The Supreme Court stated:

"In a habeas corpus proceeding wherein the petitioner challenges the validity of extradition proceedings, it is not the province of the Kansas courts to go behind the Governor's warrant to inquire into alleged irregularities in the courts of the demanding state." Syl. ¶ 4.

In *Smith v. Nye,* 176 Kan. 679, 272 P.2d 1079 (1954), a petition for writ of habeas corpus relief from extradition proceedings intending to send the defendant back to Florida to serve a sentence imposed in that state was denied, although the Kansas court found the claimed irregularities afforded sound grounds for the issuance of the writ prayed for.

Other states have also determined that when serving as the asylum state they will not pass on alleged violation of the detainer act or alleged violation of constitutional rights by the demanding states, but will leave such determination to the courts of the demanding state. For instance, see *State ex rel. Chamberlain v. Martinco,* 288 Minn. 231, 179 N.W.2d 286 (1970), where a fugitive was returned to Kansas by Minnesota despite his claims of violation of the detainer act. See also *State ex rel. Garner v. Gray,* 59 Wis. 2d 323, 208 N.W.2d 161 (1973); *State ex rel. Mitchell v. Allen,* 155 W.Va. 530, 185 S.E.2d 355 (1971), *cert. denied* 406 U.S. 946 (1972).

Despite his claim to the contrary, Stewart is asking the Kansas courts to do what they are forbidden to do—review the Wisconsin proceedings for irregularities that he claims warrant nullification of his Wisconsin conviction with the concomitant result that he would no longer be a fugitive. *Michigan v. Doran,* 439 U.S. 282.

In addition, it appears from the record before us that Stewart waived any violation of the detainer act (if, in fact, the act was violated) by virtue of his failure to raise the alleged violations in the original Wisconsin case. A plea of guilty is sufficient to waive a violation of the nature alleged to be present in this case. *Gray v. Benson,* 458 F. Supp. 1209 (D. Kan. 1978); *United States v. Palmer,* 574 F.2d 164 (3d Cir.), *cert. denied* 437 U.S. 907 (1978); *Strawderman v. United States,* 436 F. Supp. 503 (E.D. Va. 1977); *Camp v. United States,* 587 F.2d 397 (8th Cir. 1978); *People v. Squitieri,* 91 Misc. 2d 290, 397 N.Y.S.2d 888 (1977). Failure to raise the issue at trial, as defendant in this case apparently failed to do, has also been held to be a waiver. *Mars v. United States,* 463 F. Supp. 87 (E.D. Mich. 1978).

Affirmed.