(648 P.2d 255)
No. 53,011

PETE SILVA SLOSS, *Appellant*, v. SHERIFF OF LEAVENWORTH COUNTY AND AGENTS OF THE STATE OF TEXAS, *Appellees.*

Petition for review denied September 23, 1982.

Opinion filed July 15, 1982.

*Ruben Jorge Krisztal,* of Kansas City, for the appellant.

*Robert E. Davis,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., SPENCER and PARKS, JJ.

FOTH, C.J.: This is an extradition habeas corpus case in which petitioner appeals from an order dissolving the writ and remanding him into custody for extradition to Texas.

On June 20, 1977, petitioner pleaded guilty in Texas to two charges, one a weapons charge, the other burglary. The Texas court sentenced him to two to fifteen years on one count and five to fifteen years on the other, to run concurrently with a prior federal sentence.

He was released to federal authorities who transferred him to the federal penitentiary at Leavenworth, Kansas. Upon his release from that institution in December, 1980, Texas sought his return

by its governor's requisition to serve the unexpired balance of the Texas sentences. The governor of Kansas issued his warrant, but the extradition proceedings were halted by the institution of this action.

Petitioner's primary point on appeal is that Texas waived its jurisdiction over him by voluntarily relinquishing him to the federal authorities. The lack of merit of such a contention was last demonstrated in *Hedge v. Campbell,* 192 Kan. 623, 389 P.2d 834 (1964). The facts of that case are set out in the Syllabus:

"In a proceeding for a writ of habeas corpus, the record shows the following: Petitioner (plaintiff) was convicted of a felony in a California state court. The sentence imposed was ordered to run concurrently with any federal sentence he might receive. He was released to federal authorities for prosecution and was convicted of a federal offense, and was imprisoned in the federal penitentiary in Leavenworth. Upon completion of his federal sentence the sentence imposed by the California state court had not expired. The governor of the state of California made written demand to the governor of this state for the arrest and return of plaintiff to California upon the completion of his federal sentence. Pursuant thereto, the governor of this state issued a warrant directing that upon plaintiff's release by the federal authorities he be delivered over to a named agent of the state of California for return to that state to complete the sentence imposed by the California state court. Pursuant to the command of the governor's warrant the sheriff of Leavenworth county took plaintiff into custody for delivery to the California authorities. Plaintiff then filed a petition for a writ of habeas corpus, alleging, among other things, that the state of California no longer had jurisdiction over him. After a full hearing the district court of Leavenworth county granted the writ and ordered the release of plaintiff. Defendant sheriff appealed.

*Held:* Under the facts of the case and for reasons all of which are fully set forth in the opinion, plaintiff was not entitled to be released and the petition for a writ of habeas corpus should have been denied."

The reasons set forth in the opinion why he was not entitled to release were:

"[W]here one commits an offense in the demanding state and thereafter goes or is taken into another or asylum state, his motives in leaving or the reasons why he left the demanding state are immaterial." 192 Kan. at 627-8, citing *In re Martin,* 142 Kan. 907, 909, 52 P.2d 1196 (1935).

" 'Under numerous decisions, within the meaning of such terms as used in the constitution and the criminal code, a person is "charged with crime' " where prosecution has been initiated, pursued to judgment of conviction and sentence has not expired [citing]. He is also a "fugitive from justice." ' " 192 Kan. at 628, quoting *Tines v. Hudspeth,* 164 Kan. 471, 477, 190 P.2d 867 (1948).

The contention is not well taken that when a Kansas prisoner " 'was released by the Kansas authorities to the federal authorities to be prosecuted for violation of the Dyer act the state of Kansas

thereby lost its jurisdiction over him to return him to the institution as a parole violator.' " 192 Kan. at 628, quoting from *Holden v. Hudspeth,* 168 Kan. 194, 196, 211 P.2d 64 (1949).

In summary:

"The statute, G.S. 1949, 62-729 [predecessor of K.S.A. 22-2703] is in the disjunctive, and provides for two alternative showings by the demanding state in order to secure extradition—that is, that the person is a fugitive from justice, *or,* having been convicted and sentenced, has escaped from confinement or has broken the terms of his bail, probation or parole. Plaintiff had committed a crime in the state of California. The fact authorities of that state turned him over to the federal authorities for prosecution did not deprive California of jurisdiction over him when he completed the federal sentence. The fact he came into this state involuntarily makes no difference. While he did not 'flee' from California in the literal sense of the word, nevertheless, not having completed the sentence imposed by the state court of California, he, at the time of his release in this state by the federal authorities, was, as to the state of California, a fugitive from justice and therefore was subject to being returned to that state." 192 Kan. at 628-9.

See also *Longoria v. Sheriff of Leavenworth County,* 225 Kan. 248, 589 P.2d 607 (1979).

It is clear, then, that this petitioner is a "fugitive" subject to extradition. Any claims he may have for credit on his Texas sentences for time spent in federal custody may be taken up in Texas; regardless of credit, they have obviously not expired. The same may be said of his complaints against the Texas prison system. See *Killingsworth v. Hawes,* 222 Kan. 209, 211, 563 P.2d 478 (1977).

Finally, we note the Kansas Governor's warrant is sufficient on its face and we are not at liberty to go behind it. *Stewart v. Sheriff of Leavenworth County,* 5 Kan. App. 2d 593, Syl. ¶ 1, 620 P.2d 352 (1980), *rev. denied* 229 Kan. 671 (1981). The Texas requisition and supporting documents are not in the record, precluding our review of them. *Gladney v. Sheriff of Leavenworth County,* 3 Kan. App. 2d 568, 598 P.2d 559 (1979).

Affirmed.