STATE of Wisconsin EX REL. Gary Lee
MILLER, Petitioner-Appellant,

v.

COLUMBIA COUNTY SHERIFF, Respondent.

Court of Appeals

*No. 85–1467. Submitted on briefs December 11, 1985.—*
*Decided January 16, 1986.*
(Also reported in 383 N.W.2d 499.)

For the petitioner-appellant the cause was submitted on the briefs of *Milton Rosenberg* of Madison.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Gary Lee Miller appeals from an order dismissing his petition for a writ of habeas corpus. The issue is whether Miller was detained by Columbia County authorities in violation of the Uniform Criminal Extradition Act, sec. 976.03, Stats.[1] We conclude that there was no violation of the act, and we therefore affirm.

Miller was stopped in Columbia County for a traffic violation on November 10, 1984. He was arrested when a computer check revealed the existence of an outstanding warrant for his arrest issued by the State of California. A contemporaneous search of Miller's vehicle turned up twenty pounds of marijuana, and he was immediately charged with possession of a controlled substance with intent to deliver. Two days later, at Miller's initial court appearance on the charge, the prosecutor argued for cash bail, pointing out that Miller had eight outstanding arrest warrants from the State of California and few ties to Wisconsin. The court set bail at $15,000 cash, noting the serious nature of the charge and the existence of the outstanding warrants.

Four days later, on November 16, 1984, Miller was bound over for trial after a preliminary hearing. He requested that his bail be reduced. In arguing for retention of cash bail, the prosecutor again referred to the California warrants. He also referred to Miller's lengthy criminal record and the fact that the vehicle

---

[1] The state argues that even if Miller's initial incarceration was illegal, he is not entitled to discharge on habeas corpus because the governor's warrant has since been issued, and thus proper grounds for detention exist. In light of our determination that Miller's initial detention did not violate the act, we need not consider that issue.

he was driving when arrested was bearing stolen license plates. The court continued the bail.

On February 21, 1985, Miller was tried and convicted on the drug charge. On April 10, 1985, he was sentenced to five years in the state prison. The sentence was stayed and he was placed on probation with the condition that he remain in the county jail until July 1, 1985.

On May 15, 1985, Miller again appeared in court, this time arguing that he was entitled to release because the governor's extradition warrant had not yet been issued on the California charges. The trial court denied the request, concluding that Miller was not being held by reason of any extradition proceedings but rather on his conviction and sentence on the drug charge.

Miller returned to court the following week to re-argue the "extradition issues." At one point in this proceeding the assistant district attorney remarked to the court that Miller had been held "essentially on this [California] Warrant" since his arrest. The court set the matter for further hearing in thirty days and allowed Miller to sign a recognizance bond.

On June 7, 1985, Miller was again returned to court. At this time, the prosecutor produced a governor's warrant which had been issued on May 30, and the court revoked Miller's recognizance bond. Miller then petitioned for habeas corpus. After hearing the evidence, the trial court concluded that Miller was being held on a valid governor's warrant and dismissed the petition.

Miller argues on appeal that because he was arrested and held in jail on the California charges beyond the ninety days allowed by sec. 976.03(14), (15) and (17), Stats., he is entitled to immediate release. Among

other things, the Uniform Extradition Act provides for the arrest, limited confinement and extradition of persons charged with crimes in other states. The arrest may be made pursuant to a warrant signed by the governor or, in certain circumstances, without a warrant. Where, as here, a warrantless arrest is made, sec. 976.03(14) requires that the accused be brought before a judge "with all practicable speed" and informed of the reasons for his or her arrest. If the court determines that the accused is a fugitive, he or she is committed to jail for a period "not exceeding 30 days" to await issuance of the governor's warrant. Section 976.03(15). If no warrant is forthcoming, the court may admit the accused to bail or continue the commitment "for a further period not to exceed 60 days." Section 976.03(17). If no warrant is issued in the ninety-day period, there is no legal basis for continued detention of the accused as a fugitive, and he or she is entitled to release.

Miller concedes that even though he was initially detained by reason of the California warrant, the Wisconsin drug charge, following on the heels of his arrest, "might have provided . . . an adequate, independent ground for [detention]." He argues, however, that he should be considered as having been arrested and detained solely as a fugitive and thus entitled to the "protections" of sec. 976.03, Stats., for the following reasons: (1) the state "deliberately . . . inject[ed] the existence of [the] California warrants" into its bail arguments on the drug charge; and (2) the assistant district attorney remarked at one of Miller's several court appearances that he had been held "essentially" on the California warrant since his arrest. The argument is without merit.

First, whether an accused is "a fugitive from justice" at the time of his or her arrest is, by statute, a proper consideration in setting bail. Section 969.01(4), Stats. Second, the logic of Miller's argument would require his extradition to California, or his release from custody, within ninety days after his arrest regardless of the status of any "local" charges. If this were so, the State of Wisconsin would be unable to detain persons charged with crimes pending trial—or, as here, to require them to serve their sentences after conviction— if they are also wanted in another state.

The Act does not admit of such a tortured construction. Indeed, sec. 976.03(19), Stats., authorizes the governor to withhold issuance of an extradition warrant for as long as any Wisconsin charges are pending. In addition, the statutory time limits of secs. 976.03(14), (15) and (17) plainly contemplate arrest and detention based solely on the accused's fugitive status. Those sections apply to a person arrested (without a governor's warrant) "upon reasonable information that [he or she] stands charged in . . . another state." Section 976.03(14). Then, once a judge determines that such a charge or charges exist, the accused may be detained for a period of time to see whether the charging state wishes to pursue extradition—but in no event longer than ninety days.

In cases like this, however, where the accused is being held on a local charge as well, the validity of his or her detention must be judged with respect to that charge. Once the local charge is no longer pending, the extradition provisions would apply to any further detention.

There is no question as to the validity or propriety of Miller's arrest, arraignment and detention on the

Wisconsin drug charge; and the seemingly offhand remark by an assistant prosecutor that, in his opinion, Miller was "essentially" being held on the California warrant does not change that fact. Miller was tried, convicted and sentenced on the Wisconsin charge. As part of that sentence, he was imprisoned until at least July 1, 1985, and he was validly incarcerated when the governor's warrant was issued on May 30, 1985. The trial court correctly denied his petition for a writ of habeas corpus.

*By the Court.*—Order affirmed.