(845 P.2d 708)

No. 67,358

No. 67,359

In the Matter of the Application of DOIL LANE for a Writ of Habeas Corpus.

Opinion filed October 2, 1992.

*Ernest L. Tousley,* of O'Hara, O'Hara & Tousley, of Wichita, for appellant.

*Rachelle Worrall Smith,* assistant district attorney, *Nola Foulston,* district attorney, and *Robert T. Stephan,* attorney general, for appellee.

Before REES, P.J., LEWIS, J., and PAUL E. MILLER, District Judge, assigned.

MILLER, J.: Petitioner Doil Lane brings this appeal from the trial court's denial of his two petitions for a writ of habeas corpus which he had filed because he was detained in jail for more than 90 days after he was arrested on a fugitive warrant from the State of Texas. He argues the trial court erred when denying each of the petitions.

Lane was arrested by Sedgwick County authorities on July 18, 1991. This arrest was based upon a fugitive warrant alleging a felony had been committed by Lane in San Marcos, Texas. Thereafter, on July 19, 1991, Lane was charged in separate proceedings in Sedgwick County with aggravated kidnapping, rape, and first-degree murder. These charges were ultimately dismissed on October 18, 1991. On that date, Lane filed his first petition for a writ of habeas corpus. This petition was denied on October 21, 1991, and Lane claims error in the trial court's ruling.

The thrust of Lane's complaint is that when the Sedgwick County charges were dismissed 92 days after his arrest and commitment on the fugitive warrant, the provisions of K.S.A. 22-

2715 and K.S.A. 22-2717, sections of our Uniform Criminal Extradition Act (K.S.A. 22-2701 *et seq.*), had become operative. Those sections do not authorize the detention of a fugitive for more than 90 days absent arrest under a governor's warrant. *Cf. Odom v. State,* 215 Kan. 456, 458, 524 P.2d 217 (1974). The State argues that the filing and pendency of the Sedgwick County charges tolled the 90-day period contemplated by the extradition act. We find the issue framed in the arguments to be one of first impression in Kansas.

Lane argues *State v. Holliman,* 247 Mont. 365, 805 P.2d 52 (1991), stands for the proposition that the 90-day period cannot be tolled. There, Holliman, a fugitive from Mississippi, argued that the Montana governor's warrant was not valid because it was not issued within 90 days of the filing of the fugitive complaint. Holliman based her argument on Mont. Code Ann. §§ 46-30-302 and 46-30-304 (1991), which are nearly identical to K.S.A. 22-2715 and K.S.A. 22-2717. The Montana court held that, although an accused could be detained no more than 90 days on a fugitive warrant, the Montana statutes did not require the governor's warrant to be issued or executed within 90 days. 247 Mont. at 369. The issue presented in *Holliman* differs from the issue here, and Lane's reliance on that case is misplaced.

The State asserts that K.S.A. 22-2715 and K.S.A. 22-2717 contemplate detention based solely on the accused's fugitive status and that the 90-day period does not apply when local charges have been filed against the accused. The State relies upon *Miller v. Columbia Co. Sheriff,* 128 Wis. 2d 479, 383 N.W.2d 499 (Ct. App. 1986), as supporting authority. In that case, Wisconsin authorities had stopped Miller on November 10, 1984, for a traffic violation. A computer check indicated an outstanding warrant for Miller's arrest in California. A search of Miller's vehicle led to discovery of 20 pounds of marijuana. Miller was arrested, tried, and convicted for possession of drugs. On April 10, 1985, the district court placed Miller on probation with the condition that he remain in the custody of the county jail until July 1, 1985. On May 30, 1985, the governor of Wisconsin issued a warrant for Miller's extradition to California. Miller sought his release by petitioning for a writ of habeas corpus, which the district court denied. Miller argued on appeal that he had been arrested and

detained on the California charge beyond 90 days in violation of Wisconsin statutory law. The Wisconsin Court of Appeals rejected this argument, concluding that because Miller was being detained on the Wisconsin drug conviction, authorities were not required to release him when the 90-day period for fugitive detention expired.

The facts in *Miller* are distinguishable from the situation before us. Here, the district attorney dismissed the local charges against Lane on the 92nd day of his captivity. Thereafter, the Sedgwick County authorities continued to detain Lane until they served him with the governor's extradition warrant. Unlike the accused in *Miller*, who at all times was held on both local and fugitive charges, Lane was held solely as a fugitive after having been detained for more than 90 days.

Although not discussed by either of the parties, K.S.A. 22-2719 suggests that the Sedgwick County authorities did not hold Lane for an excessive period of time. K.S.A. 22-2719 states:

"If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the governor, in his discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state."

In interpreting Colo. Rev. Stat. § 16-19-120 (1986), which is identical in substance to K.S.A. 22-2719, the Colorado Supreme Court stated:

"[T]his statutory provision recognizes the discretionary authority of the Governor to hold an accused prior to the issuance of the governor's warrant until . . . criminal charges filed against the accused are resolved. In many cases the period of confinement under such executive hold may well exceed the ninety-day period of custody permitted . . . for confinement prior to the issuance of a governor's warrant. Thus, the ninety-day period does not constitute an absolute maximum period of time beyond which no warrant may issue. [Citation omitted.]" *Jacobson v. Sullivan*, 703 P.2d 1293, 1296 (Colo. 1985).

The Colorado court interpreted the Colorado statute to apply only in situations in which the filing of criminal charges against an accused in the asylum state preceded another state's extradition demand. The adoption of such an interpretation here would preclude the application of K.S.A. 22-2719, as Texas demanded Lane's extradition prior to the filing of the Kansas charges.

The argument for holding Lane in excess of 90 days prior to the issuance of the governor's warrant is compelling. As a general rule, a governor's warrant authorizes the immediate delivery of the accused to the agent of the demanding state. K.S.A. 22-2708. Issuance of a governor's warrant would have required Sedgwick County authorities to deliver Lane to Texas officials immediately, regardless of whether the Kansas charges against Lane had been resolved. To require the issuance of a governor's warrant within 90 days when an accused faces pending charges in the asylum state could result in the local charges remaining unresolved upon extradition. "[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results." *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992).

We hold, therefore, that the district court did not err in allowing Lane to be detained for more than 90 days because the filing of the local charges tolled the running of the 90-day period for so long as he was held on those charges.

In line with and because of our holding concerning the denial of Lane's first petition for a writ of habeas corpus, we find no error in the trial court's denial of Lane's second petition filed on October 30, 1991.

Affirmed.