STATE OF WISCONSIN EX REL. Anthony EHLERS, Petitioner-Appellant,†

v.

Warden Jeffrey ENDICOTT, Superintendent, Columbia Correctional Institution, Respondent-Respondent.

Court of Appeals

*No. 93–2938. Submitted on briefs June 2, 1994.—Decided September 29, 1994.*

(Also reported in 523 N.W.2d 189.)

†Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Jack E. Schairer*, first assistant state public defender and *John Voegeli*, assistant state public defender.

For the respondent-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael R. Klos*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

DYKMAN, J. Anthony W. Ehlers appeals from an order granting the State's request to extradite him to Illinois to face prosecution on three charges of first degree murder and one charge of armed robbery. Ehlers argues that the extradition order is invalid because the extradition documents are insufficient on their face to support the order, and because the time period within which he may be detained without a warrant was exceeded. We conclude that the trial court properly ordered extradition and therefore affirm.

## BACKGROUND

On May 10, 1993, Lieutenant Robert Smith of the Freeport, Illinois, police department, filed a complaint in Stephenson County, Illinois, charging Anthony W. Ehlers with three counts of first-degree murder and one count of armed robbery. The same day, a warrant was issued for Ehlers's arrest. At that time, Ehlers was incarcerated in the Columbia Correctional Institution in Portage, Wisconsin. On August 3, 1993, the State's attorney in Stephenson County executed a petition for requisition to have Ehlers extradited to Illinois. Lieutenant Smith executed an affidavit on that same day which set forth the facts and circumstances as to Ehlers's involvement with those crimes.

Meanwhile, based upon Ehlers's assertion that he would waive extradition, a Columbia County, Wisconsin, assistant district attorney filed a petition for a writ of habeas corpus to bring Ehlers before the trial court. The trial court ordered Ehlers to appear in court the next day. On August 6, 1993, a brief hearing was held at which Ehlers refused to waive the extradition hearing. The trial court dismissed the hearing because no

60

extradition documents were filed with the court other than the writ of habeas corpus, and it ordered Ehlers returned to prison.

Lieutenant Smith's affidavit and certified copies of the complaint and arrest warrant were submitted to Illinois Governor Edgar along with the petition for requisition. On August 19, 1993, Governor Edgar executed a warrant directed to Wisconsin Governor Thompson requesting that Ehlers be extradited to Illinois to face prosecution. On August 26, 1993, Governor Thompson, based upon receipt of Governor Edgar's warrant, and authenticated copies of the complaint, arrest warrant, and supporting papers including Lieutenant Smith's affidavit, issued an extradition warrant ordering Ehlers arrested and delivered to the Illinois authorities. On September 21, 1993, these extradition documents were filed with the trial court. On September 27, 1993, an initial appearance was held, bail was set, and a hearing was scheduled for October 27, 1993. Ehlers then petitioned for a writ of habeas corpus.

At the October 27 habeas corpus hearing, the trial court found that the extradition documents were in proper order, that a crime eligible for extradition was substantially charged, that the identity of Ehlers was established, and that Ehlers was in Illinois when the offenses took place. The court quashed Ehlers's petition for a writ of habeas corpus, granted the State's request for extradition and ordered Ehlers delivered to the proper Illinois authorities. Ehlers appeals.

## EXTRADITION DOCUMENTS

 The Extradition Clause of the United States Constitution[1] governs interstate extradition and articulates "the concepts of comity and full faith and credit" due to the judgments of other states. *Michigan v. Doran*, 439 U.S. 282, 287-88 (1978). Pursuant to this clause, Wisconsin has adopted the Uniform Criminal Extradition Act, § 976.03, STATS., which provides that Wisconsin must extradite a fugitive when another state presents documents alleging that the accused was present in the demanding state when the crime was committed and is now a fugitive. Section 976.03(3).[2] "A governor's grant of extradition is *prima facie* evidence that the constitutional and statutory requirements [for extradition] have been met." *Doran*, 439 U.S at 289 (emphasis added).

---

[1] U.S. Const. art. IV, § 2, cl. 2 provides that "[a] person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

[2] Section 976.03(3), STATS., provides that the documents must include:

> a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereon. . . . The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand.

■

The aim of interstate extradition is to a provide a summary and mandatory proceeding. *Id.* at 288. If a probable cause finding has been made by the demanding state, the trial court is precluded from reviewing the substance of that determination. *State v. Stone,* 111 Wis. 2d 470, 473, 331 N.W.2d 83, 85 (1983). Thus, the trial court's review is restricted to examining:

> (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

*Id.* at 474, 331 N.W.2d at 85 (quoting *Doran,* 439 U.S. at 289).

■

In *Stone,* 111 Wis. 2d at 474, 331 N.W.2d at 85, we explained that "when there has been a determination of probable cause by a judicial officer in the demanding state and the demanding state's documents are, on their face, in proper order" the *Doran* analysis is controlling. However, when the demanding state has not made a probable cause determination, or when the documents are not *prima facie* valid, the asylum state should make a probable cause determination. *Id.*

Ehlers argues that the extradition documents do not show a finding of probable cause by a neutral and detached Illinois magistrate because an express statement of probable cause is not contained on the face of the complaint or arrest warrant. Accordingly, the extradition documents are insufficient to support extradition and the trial court's order is invalid. We disagree.

Neither the complaint nor the arrest warrant sets forth an express statement of probable cause to support the charges nor incorporates by reference a statute that mandates a probable cause finding. However, if the arrest warrant is issued upon a judicial finding of probable cause, extradition is still proper. We take judicial notice that 725 ILCS 5/107-9(c),[3] requires a probable cause finding by an Illinois magistrate before an arrest warrant is issued. Section 902.02(1), STATS.; *People v. Collins*, 387 N.E.2d 995, 1003 (Ill. App. Ct. 1979). Since we must presume that judicial proceedings in other states are proper, *Stone*, 111 Wis. 2d at 477-78, 331 N.W.2d at 86-87, we conclude that a judicial determination of probable cause was made by an Illinois court when the arrest warrant was issued.

In *Stone*, 111 Wis. 2d at 477-78, 331 N.W.2d at 86-87, we found that the extradition documents were in order because the arrest warrant incorporated by reference an Ohio statute requiring arrest warrants to be issued upon a judicial determination of probable cause. However, the fact that the analogous Illinois statute is not referenced on the face of the Illinois arrest warrant is not fatal to our conclusion. The analysis in *Stone* did not turn upon an express statement or reference contained on the face of the arrest warrant, but upon the recognition that a finding of probable cause was made if the demanding state so requires when an arrest warrant is issued. Our taking judicial notice of Illinois's statutory probable cause requirement satisfies the

[3] The statute provides: "A warrant shall be issued by the court for the arrest of the person complained against if it appears from the contents of the complaint and the examination of the complainant or other witnesses, if any, that the person against whom the complaint was made has committed an offense." 725 ILCS 5/107-9(c).

*Stone* and *Doran* tests and thus our narrow inquiry is ended.

We conclude that Ehlers's extradition documents are in order on their face because they include an arrest warrant issued by a magistrate from the demanding state who is statutorily required to make a finding of probable cause.[4] *See Keefer v. Leach*, 597 P.2d 203, 203-04 (Colo. 1979). We therefore agree with the trial court's conclusions and affirm the extradition order.

## WARRANTLESS DETENTION

Ehlers argues that the extradition order is invalid because he was detained for more than thirty days contrary to § 976.03(15), STATS. According to Ehlers, his appearance before the trial court on August 6, 1993, constituted an arrest without a warrant and that because his extradition hearing was not held until October 27, 1993, the extradition order is invalid. We disagree.

Statutory interpretation presents a question of law which we review *de novo. State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). In construing a statute, our purpose is to discern the legislature's intent and give it effect. *Id.* The first step is to examine the statute's language, and, absent ambiguity, it is our duty to give the language its ordinary meaning. *Id.* at 225-26, 496 N.W.2d at 179. Only if the language is unclear will we attempt to ascertain legislative intent by examining

[4] By holding that the inclusion of an arrest warrant with the extradition documents is evidence of a judicial determination of probable cause, we express no opinion as to the effect of Lieutenant Smith's affidavit.

the scope, history, context, subject matter and purpose of the statute. *Id.* at 226, 496 N.W.2d at 179.

Section 976.03(14), STATS., authorizes the asylum state to arrest a fugitive without a warrant. A judge may order a fugitive detained without a warrant for thirty days, § 976.03(15) and, upon the expiration of that period, a judge may order a further sixty-day extension. Section 976.03(17).

Ehlers contends that the extradition order is invalid because he was held for more than thirty days without a warrant. Ehlers, however, ignores the fact that he was not being held on the extradition charges without a warrant, but rather because he was serving a prior Wisconsin sentence. According to Ehlers, when a fugitive is already being held pending other charges or serving a sentence in the asylum state, an extradition warrant must be issued within thirty days of the time the fugitive has a hearing on any issue relating to extradition, including waiver, for the extradition order to be valid. This argument is nonsensical.

First, the thirty-day and optional sixty-day extension periods for detention only pertain to those fugitives who are not already in custody pending other charges or serving other sentences. *State ex rel. Miller v. Columbia County Sheriff*, 128 Wis. 2d 479, 483, 383 N.W.2d 499, 501 (Ct. App. 1986). Ehlers was already incarcerated, serving a sentence for the conviction of another crime, and therefore the time limits are inapplicable.

Second, once a governor's extradition warrant has been executed, the time period within which a fugitive may be detained is rendered irrelevant. *State ex rel. Holmes v. Spice*, 68 Wis. 2d 263, 270, 229 N.W.2d 97,

100-01 (1975). And, the governor need not issue an extradition warrant until after the fugitive has fully served his sentence in the asylum state. Section 976.03(19), STATS. Ehlers cannot and does not contend that he should have been released thirty days after his first hearing on August 6, 1993, or that he should be released now. This would prevent Wisconsin from enforcing its own laws. *Miller*, 128 Wis. 2d at 483, 383 N.W.2d at 501. Consequently, we conclude that when a fugitive has been convicted and sentenced in the asylum state, the fugitive remains validly incarcerated until the sentence is served. *Id.* at 483-84, 383 N.W.2d at 501-02.

*By the Court.*—Order affirmed.