785 So.2d 692 (2001)
Steven PALEY, Petitioner,
v.
Edward BIELUCH, Sheriff, Palm Beach County, Respondent.
No. 4D01-354.
District Court of Appeal of Florida, Fourth District.
May 16, 2001.
Robert T. Norvell of James H. Rainey, P.A., West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for respondent.
SHAHOOD, J.
This opinion addresses this court's order of February 16, 2001, in which we denied petitioner Steven Paley's petition for writ of habeas corpus, seeking release from incarceration in Florida for possible extradition on an outstanding warrant from Georgia, stating that an opinion would follow.
Petitioner was arrested and booked into Collier County jail on local charges on June 29, 2000; on August 22, 2000, Collier County was notified of the Georgia "hold" and Petitioner was brought to court on August 23 to determine if he would waive extradition to Georgia; Petitioner refused to waive extradition. It is without dispute that on August 23, 2000, Petitioner began to be held without bond in Collier County as an out-of-state fugitive from justice on a Georgia warrant issued January 14, 1999, pursuant to section 941.02, Florida Statutes, for possible extradition.
On August 25, Collier County notified Georgia to begin extradition proceedings. *693 Thereafter, on August 26, 2000, Collier County was notified that Petitioner was wanted in several other Florida counties on local charges and Collier County notified Georgia to delay extradition proceedings because Petitioner would first be sent to answer charges in the various other Florida counties.
The Petitioner completed his local sentence in Collier County on October 16 and on October 21 he was transported to Monroe County. Monroe officials informed Georgia that Monroe County had a hold on Petitioner for Georgia that would be honored when the Florida charges were completed. On December 27, 2000, Petitioner was transported to Palm Beach County to appear on local Palm Beach County charges.
Palm Beach County was notified on February 2 that Petitioner was wanted in St. Lucie County on local charges there.
Petitioner alleges that he posted surety bond on his St. Lucie County charges on January 22, 2001, through the Palm Beach County sheriffs office. As part of his habeas corpus pleadings he attached a letter dated February 13, 2001, from an official of the St. Lucie County sheriffs office confirming that, and stating that St. Lucie has no pending holds on Petitioner. This petition for writ of habeas corpus was filed on January 30, 2001.
Habeas corpus is a remedy that is available to test extradition. See Leichtman v. Singletary, 674 So.2d 889, 892 n. 1 (Fla. 4th DCA 1996) (listing types of cases in which habeas corpus remains available, after postconviction relief rules were adopted); Treadway v. Heidtman, 284 So.2d 473 (Fla. 4th DCA 1973) (granting petition for writ of habeas corpus sought against sheriff by prisoner being held for extradition, where prisoner was being held for his second successive recommitment following original commitment).
Section 941.02 makes it the duty of the governor of this state to arrest and deliver to the executive authority of any other state a person charged with a crime in that state who flees from justice in that state and is found in this state. If the judge or magistrate finds that the person held appears to be the person charged in another state, the judge or magistrate must commit the person to county jail for a period not exceeding thirty days, to enable the arrest under a warrant of the governor by requisition from the state having jurisdiction of the offense, or allow the person to give bail. See § 941.15. Section 941.17 allows for an extension of the commitment period for up to another sixty days, if there is no arrest by the governor within the time specified in the warrant or bond.
In Treadway, this court held that the statute permitted the court to recommit the accused only one time, for a total period not to exceed sixty days. In that case, where the prisoner was being held on a second successive thirty-day recommitment after an original thirty day commitment, this court held that the prisoner had to be released and granted his petition for writ of habeas corpus and ordered his immediate release from the sheriffs custody.
Petitioner argues that pursuant to Treadway, a judge in Palm Beach County could not order him held for extradition on the same warrant for which he has already been held in another county for the maximum period of time allowed by statute. He contends there is no authority for a county to hold the accused for the aggregate ninety-day period and then transfer the accused to another county, to be held for yet another ninety-day period.
Appellee counters that Petitioner has not been held in custody "solely" on the Georgia warrant, and would not be entitled *694 to release from custody now even if there were no Georgia warrant, because he must appear in St. Lucie County. Because he is not entitled to immediate release, the state argues, the petition must be denied.
Florida's extradition law is based on the Uniform Criminal Extradition Act, see § 941.30, Fla. Stat. (2000) (providing that section 941.01 through 941.29 be cited as "Uniform Criminal Extradition Law"), so the interpretations of other courts outside of Florida that have interpreted similar or identical provisions should be helpful in construing Florida's.
In In re Lane, 17 Kan.App.2d 476, 845 P.2d 708 (1992), Lane was arrested in Sedgwick County, Kansas on July 18, 1991, on a fugitive warrant alleging he had committed a felony in Texas. On July 19, 1991, he was charged in separate proceedings in Sedgwick County, which ultimately were dismissed on October 18, 1991, ninety-two days after his arrest and commitment on the fugitive warrant. On the latter date, Lane filed a petition for writ of habeas corpus in the trial court claiming entitlement to discharge based on Kansas statutes sections 22-7715 and 22-7717, which do not authorize detention of a fugitive for more than ninety days without arrest under a governor's warrant. The trial court denied the petition and the appellate court affirmed.
The court noted that the question of whether the local charges tolled the running of the ninety-day period was a matter of first impression. It noted that a governor's warrant would require the immediate delivery of the accused to the demanding state, regardless of whether the Kansas charges had been resolved. In order that the statutes in question not be interpreted so as to yield an unreasonable or absurd result, the court held that the trial court did not err because the filing of the local charges tolled the running of the ninety-day period so long as Petitioner was held on those charges. Id. at 710.
In doing so, the court drew support from the very provision on which Petitioner relies,[1] which gives the governor the discretion, where the accused faces prosecution in the asylum state at the time of requisition, either to surrender the accused or to hold the accused in the asylum state until the accused has been tried and discharged or convicted and punished. Id. at 708. See also State ex rel. Ehlers v. Endicott, 188 Wis.2d 57, 523 N.W.2d 189, 193 (App.1994) (noting that thirty-day and optional sixty-day extension periods for detention pertain only to fugitives not already in custody pending other charges or serving other sentences), rev. denied, 531 N.W.2d 326 (Wis.1995); State ex rel. Miller v. Columbia County Sheriff, 128 Wis.2d 479, 383 N.W.2d 499, 501 (App.1986) (affirming dismissal of habeas petition challenging, inter alia, length of detention period; noting that provisions providing thirty- and sixty-day periods contemplate arrest and detention based solely on fugitive status, and opining that "where the accused is being held on a local charge as well, the validity of his or her detention must be judged with respect to that charge. Once the local charge is no longer pending, the extradition provisions would apply to any further detention."); Op. Att'y Gen. La. 93-598 (1993) (opining that thirty-day time limit is suspended while local charges are pursued against arrestee prior to extradition, and noting that survey of other states reveals practice of suspending time on the fugitive charge until disposition of local charges). We find these authorities persuasive and adopt their reasoning.
*695 Petitioner's allegations indicate that for most of the time in question, he was held on local charges as well as the fugitive warrant. There is no indication that he has been held in excess of the statutory period solely on the fugitive warrant.
We therefore deny petitioner, Steven Paley's, petition for writ of habeas corpus.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] The Florida provision is section 941.19, Florida Statutes (2000).