NOT DESIGNATED FOR PUBLICATION

No. 118,308

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRIAN A. CAMPBELL,
*Appellant*,

v.

SHERIFF JEFF EASTER,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed June 29, 2018. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Attorney at Law, LLC, of Wichita, for appellant.

*Laura H. Oblinger*, legal advisor, of Sedgwick County Sheriff's Office, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and GARDNER, JJ.

PER CURIAM: Brian A. Campbell appeals from the district court's summary dismissal of his petition for habeas corpus brought under K.S.A. 2017 Supp. 60-1501. Campbell alleges he was being detained on a defective Mississippi fugitive from justice warrant, in violation of the Uniform Criminal Extradition Act (UCEA) and his constitutional rights. Finding no error, we affirm.

When Campbell was arrested in April 2017 on a criminal charge in Sedgwick County, he was subject to four other warrants: two from Sedgwick County, one from Butler County, and one fugitive from justice warrant from Mississippi. Although the

1

record on appeal is silent on the Butler County and Mississippi warrants, the parties agree that they were in place and, upon Campbell's request, we take judicial notice pursuant to K.S.A. 60-409(b) of the arrest report listing all of the warrants. Sedgwick County Inmate Arrest/Booking Details, https://ssc.sedgwickcounty.org/sheriffinmates/SheriffInmate Detail.aspx?nameId=20036637 (last visited May 24, 2018).

Before Campbell's Kansas charges were concluded, Campbell filed this petition seeking the removal of the Mississippi warrant hold. The district court summarily dismissed the petition, finding it "premature to consider the request to hold the petitioner for extradition made by the State of Mississippi" because Campbell was being held on local charges pending against him in Sedgwick and Butler Counties.

A district court may summarily dismiss a habeas corpus petition if it "plainly appears from the face of the petition . . . that the plaintiff is not entitled to relief." K.S.A. 2017 Supp. 60-1503(a). We review summary dismissals de novo. *Johnson v. State*, 289 Kan. 642, 648-49, 215 P.3d 575 (2009).

We find the district court's dismissal of Campbell's petition was proper for the simple reason that Campbell's detention was lawful. K.S.A. 22-2719 provides:

> "If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the governor, in his discretion, either may surrender him on demand of the executive authority of another state or hold him until he has been tried and discharged or convicted and punished in this state."

Under this statute, the fugitive from justice warrant acts as a secondary hold which has no effect until Campbell has been "tried and discharged or convicted and punished" on the local cases. The 90-day limit on detention on an extradition warrant is tolled during this period. *In re Habeas Corpus Application of Lane*, 17 Kan. App. 2d 476, 479, 845 P.2d

708 (1992); see K.S.A. 22-2715; K.S.A. 22-2717. In effect, the extradition warrant is suspended until the Kansas cases are concluded. Because Campbell's Kansas cases are not yet concluded, the district court properly found that Campbell's claim for relief from the extradition warrant was not ripe.

A claim is not ripe for adjudication if it is "'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all.' 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3532 (1984)." *Thomas v. Union Carbide Agric. Products Co.*, 473 U.S. 568, 580-81, 105 S. Ct. 3325, 87 L. Ed. 2d 409 (1985). Once the local charges are resolved, Campbell will have an opportunity to waive extradition or refuse to do so. Should he refuse to waive extradition, a governor's warrant would be obtained and Campbell will be arraigned on the warrant, informed of the crime with which he is charged, and given a reasonable time to apply for a writ of habeas corpus to challenge the legality of his arrest. K.S.A. 22-2710. Campbell may challenge the sufficiency of the Mississippi warrant at that time. But as of now, Campbell's challenge is premature. See *Szczygiel v. Kansas Dept. of Corrections*, No. 103,037, 2010 WL 5185791, at *1 (Kan. App. 2010) (unpublished opinion) (petitioner's complaint about being treated as a sex offender if he was paroled was not ripe for adjudication because no parole hearing had yet occurred).

We reject as illogical Campbell's argument that because K.S.A. 22-2719 grants our governor discretion to surrender a fugitive upon demand from the demanding state instead of holding the fugitive on Kansas charges, the district court had discretion to evaluate the legality or sufficiency of the Mississippi warrant while his local charges are pending and before any extradition proceedings have begun.

Summary dismissal was proper because a hearing to test the sufficiency of the Mississippi warrant was not necessary.

Affirmed.