NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

ADAM PHILLIP IVES,

Petitioner,

v.

STATE OF ALASKA,

Respondent.

Court of Appeals No. A-13900
Trial Court No. 3AN-21-06756 CR

O P I N I O N

No. 2761 — October 13, 2023

Petition for Review from the District Court, Third Judicial District, Anchorage, David Nesbett, Judge.

Appearances: Tristan Bordon, Assistant Public Defender, and Samantha Cherot, Public Defender, Anchorage, for the Petitioner. Heather Stenson, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Respondent.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

On January 15, 2020, Adam Phillip Ives was arrested on a fugitive from justice warrant based on information that he had committed a crime in the state of

Washington and had fled to Alaska.[1] The case was dismissed ninety-one days later, when Washington failed to secure a governor's warrant. But in September 2021, Ives was again arrested and charged with being a fugitive based on the same Washington arrest warrant. The district court found that Ives's first case had no bearing on whether he could be committed in the second fugitive case, and the court ordered Ives to post bond in order to be released from custody.

Ives filed a bail appeal, arguing that the bail set by the district court was excessive. Ives also argued that AS 12.70.140 and AS 12.70.160 limit an accused person's detention without a governor's warrant to a single ninety-day period at most, not renewable ninety-day periods accomplished by re-arresting and re-charging a previously discharged prisoner.

While Ives's bail appeal was pending before this Court, the district court reduced Ives's bail and Ives was released from custody. We declined to exercise our discretion to review the district court's bail order.

However, we recognized that Ives's appeal raised an important question of law that justified immediate review: whether the Uniform Criminal Extradition Act (UCEA) authorizes the commitment of a defendant on a fugitive from justice warrant after the defendant was previously committed for ninety days based on the same allegation.[2] We accordingly converted the bail appeal into a petition for review and accepted the petition in order to address this question.[3] Approximately two months after

---

[1] *See* AS 12.70.120 (authorizing the issuance of an Alaska arrest warrant for a fugitive from another state).

[2] Alaska R. App. P. 402(b)(4).

[3] *Ives v. State*, 2021 WL 4963601 (Alaska App. Oct. 22, 2021) (unpublished bail order).

we granted Ives's petition, before the briefing was complete, a governor's warrant was issued and Ives was extradited to Washington.

Although Ives's case is moot because he was extradited to Washington while this petition was pending,[4] we have determined that his case raises an important question of law that is capable of repetition but evading review.[5] For the reasons explained in this opinion, we conclude that, under Alaska law, a fugitive from justice may be committed without a governor's warrant for a maximum of a single ninety-day period and that such a "commitment" includes both incarceration and bail restraint.

*The extradition procedure set out by Alaska's UCEA*

Under the extradition clause of the United States Constitution, when a state locates a fugitive from justice within its jurisdiction, the locating state must deliver the fugitive to the state from which the fugitive fled upon request of the executive authority of the requisitioning state.[6] Alaska, like a majority of other states, has adopted the UCEA, which sets out a mechanism by which states may comply with this constitutional mandate.

The UCEA is codified in Alaska as AS 12.70.010 through AS 12.70.290. Under these statutes, a fugitive from justice may be arrested and detained in Alaska based on information from the requisitioning state that the fugitive has been charged with

---

[4]    *See Fairbanks Fire Fighters Ass'n, Loc. 1324 v. Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002) (explaining that a claim is moot if it no longer presents a live controversy).

[5]    *State v. Roberts*, 999 P.2d 151, 153 (Alaska App. 2000) (holding that, under the public interest exception to the mootness doctrine, a court may resolve an otherwise moot issue "when the issue is one of public interest which is capable of repetition and may repeatedly circumvent review").

[6]    U.S. Const. art. IV, § 2.

a crime, has escaped, or has broken the terms of bail, probation, or parole.[7] The warrant used to effectuate the fugitive's initial arrest is known as a "fugitive warrant."[8] But the fugitive cannot be extradited to the requisitioning state until that state formally submits a demand to the governor of Alaska, and the governor of Alaska signs a warrant of arrest.[9] This warrant is commonly referred to as a "governor's warrant."[10]

Because a fugitive may not be released to the requisitioning state until a governor's warrant has been issued and served, there is necessarily a lapse in time between when a fugitive is arrested on a fugitive warrant and when the fugitive may lawfully be released to a representative of the requisitioning state for extradition. The UCEA thus requires that, upon arrest, the fugitive must be committed "to jail" for a period of up to thirty days during which the requisitioning state may perfect the process for securing a governor's warrant.[11] This commitment may be extended for, at most, an additional sixty days if the requisitioning state has been unable to obtain a governor's warrant within the initial thirty-day period.[12] Under the UCEA a fugitive is entitled to

---

[7]   AS 12.70.120; *see also Ford v. Moses*, 606 P.2d 795, 795 (Alaska 1980). Under Alaska law, a fugitive from justice is defined as "a person who, having committed or been charged with a crime in one state, has left its jurisdiction and is found within the territory of another when it is sought to subject him to the criminal process of the former state." *Brown v. State*, 518 P.2d 770, 773 (Alaska 1974).

[8]   *See Laverty v. State*, 963 P.2d 1076, 1077-78 (Alaska App. 1998). Alaska Statute 12.70.130 also authorizes the warrantless arrest of a fugitive in limited circumstances not applicable to Ives's appeal.

[9]   AS 12.70.020-.070.

[10]   *See Ford*, 606 P.2d at 796.

[11]   AS 12.70.140.

[12]   AS 12.70.160.

be released on bail during this period, unless the underlying offense of extradition is a capital crime.[13]

*The UCEA allows the court to commit a defendant for a single maximum period of ninety days prior to the service of a governor's warrant*

In his petition, Ives contends that the UCEA only allows for a single commitment of up to ninety days pending the service of a governor's warrant. According to Ives, once that period has been exhausted, a fugitive may not be re-arrested for the same out-of-state conduct unless the requisitioning state has obtained a governor's warrant. Ives notes that to allow otherwise would permit a fugitive to be subjected to potentially "indefinite detention via a continuous cycle of catch-and-release," effectively circumventing the statutory time-frame established by AS 12.70.140 through AS 12.70.160.

The State concedes that, prior to the issuance of a governor's warrant, the UCEA prohibits commitment in excess of an aggregate of ninety days, and we conclude that this concession is well-founded.[14] However, the State contends that a fugitive may be arrested and detained on the same fugitive warrant multiple times, so long as the composite total of the various periods of commitment does not exceed ninety days. As we are about to explain, we reject this contention and conclude that only a single period of prerequisition commitment for the same out-of-state conduct is authorized by the UCEA.

---

[13]    AS 12.70.150.

[14]    *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently evaluate any concession of error by the State in a criminal case).

When interpreting a statute, Alaska's courts employ a "sliding scale" analysis under which a court considers the legislature's intent as well as the language of the statute itself.[15]

In accordance with this principle, we first consider the UCEA's plain language, and we conclude that the meaning of the statutory language is clear. In relevant part, the UCEA states that a judicial officer shall commit a fugitive "for not more than 30 days, as will enable the arrest of the accused to be made under a warrant of the governor."[16] But it also provides that, if the fugitive is not served with a governor's warrant by the expiration of this initial commitment, the judge or magistrate may either "discharge the accused or may recommit the accused for a further period of not more than 60 days."[17] Thus, under the plain language of the statute, the UCEA provides for an initial thirty-day confinement period pending service of a governor's warrant, which may be extended for an additional sixty days, but it does not authorize commitment for longer than a total of ninety days, nor does it authorize more than one prerequisition commitment.

The legislative history of this statute supports this interpretation. When the legislature adopted the UCEA, it explicitly stated that the act should be "so interpreted and construed as to effectuate the general purposes to make uniform the law of those states that enact it."[18] Thus, we must interpret the language of the act as consistently as

---

[15]  *See, e.g.*, *State v. Fyfe*, 370 P.3d 1092, 1094-95 (Alaska 2016); *Anchorage v. Beezley*, 435 P.3d 978, 981 (Alaska App. 2018).

[16]  AS 12.70.140.

[17]  AS 12.70.160.

[18]  AS 12.70.270.

possible with the courts of other adopting jurisdictions.[19]   And all of the other jurisdictions to have considered this question agree that the act allows only for a single commitment of no more than ninety days prior to the service of a governor's warrant.

For example, the Minnesota Supreme Court has explained that "the outer limit of time for which a demanded person may be held in custody pending issuance and service of a governor's rendition warrant is the 90-day limit (initial 30 days, plus further 60 days) mandated by the UCEA."[20]   The West Virginia Supreme Court has similarly held that "a defendant incarcerated under a fugitive warrant . . . may not be held solely on that warrant for a period exceeding the aggregate of ninety days."[21]   Courts in Florida,[22] Montana,[23] Nebraska,[24] New York,[25] Ohio,[26] Oklahoma,[27] Pennsylvania,[28]

---

[19]   *See Evans v. State*, 820 P.2d 1098, 1100 n.2 (Alaska App. 1991); *Laverty v. State*, 963 P.2d 1076, 1079 n.8 (Alaska App. 1998).

[20]   *State v. Phillips*, 587 N.W.2d 29, 36 (Minn. 1998).

[21]   *State ex rel. Games-Neely v. Sanders*, 641 S.E.2d 153, 159 (W. Va. 2006).

[22]   *Orton v. State*, 431 So. 2d 236, 237 (Fla. Dist. App. 1983).

[23]   *State v. Holliman*, 805 P.2d 52, 53-54 (Mont. 1991).

[24]   *Bell v. Janing*, 199 N.W.2d 24, 25 (Neb. 1972).

[25]   *People ex rel. Brandolino v. Hastings*, 421 N.Y.S.2d 893, 894 (N.Y. App. Div. 1979).

[26]   *State v. Haynes*, 456 N.E.2d 1279, 1283-84 (Ohio App. 1982).

[27]   *Carter v. State*, 708 P.2d 1097, 1100 (Okla. 1985).

[28]   *Commonwealth ex. rel. Coffman v. Aytch*, 361 A.2d 652, 654 (Pa. Super. 1976).

Texas,[29] Vermont,[30] and Wisconsin[31] have all similarly concluded that the ninety days prescribed by the UCEA is the outer limit of a state's authority to hold a fugitive pending the issuance of a governor's warrant.[32]

As authority for its claim that the UCEA authorizes multiple commitments, the State cites only to *State ex rel. Games-Neely v. Sanders*, a case that arose in West Virginia.[33] In that case, Jason Eric VanMetre was arraigned on criminal charges in West Virginia, given a trial date, and released on bail. After this, he was arrested on a fugitive from justice warrant based on crimes he allegedly committed in Virginia. VanMetre asked to waive extradition proceedings and to be relinquished to the Virginia authorities, but the West Virginia prosecutor claimed that she had discretion to prevent VanMetre from being extradited to Virginia until after resolution of the crimes he allegedly committed in West Virginia. The trial court entered an order permitting VanMetre to

---

[29]   *Lanz v. State*, 815 S.W.2d 252, 254 (Tex. App. 1991).

[30]   *In re Hval*, 537 A.2d 135, 139 (Vt. 1987).

[31]   *State ex rel. Lykins v. Steinhorst*, 541 N.W.2d 234, 238, 240 (Wis. App. 1995).

[32]   The ninety-day statutory time limit is tolled for periods where the fugitive's confinement is justified by charges pending in Alaska. *See Paley v. Bieluch*, 785 So. 2d 692, 695 (Fla. Dist. App. 2001) ("Petitioner's allegations indicate that for most of the time in question, he was held on local charges as well as the fugitive warrant. There is no indication that he has been held in excess of the statutory period solely on the fugitive warrant."); *In re Lane*, 845 P.2d 708, 710 (Kan. App. 1992) ("[T]he district court did not err in allowing Lane to be detained for more than 90 days because the filing of the local charges tolled the running of the 90-day period for so long as he was held on those charges."); *State ex rel. Ehlers v. Endicott*, 523 N.W.2d 189, 193 (Wis. App. 1994) ("[T]he thirty-day and optional sixty-day extension periods for detention only pertain to those fugitives who are not already in custody pending other charges or serving other sentences. Ehlers was already incarcerated, serving a sentence for the conviction of another crime, and therefore the time limits are inapplicable." (citation omitted)).

[33]   *State ex rel. Games-Neely v. Sanders*, 641 S.E.2d 153 (W. Va. 2006).

waive extradition and be released to Virginia, prior to the conclusion of the criminal proceedings against him.[34]

On appeal, the West Virginia Supreme Court of Appeals reversed this order. The supreme court of appeals first held that, under the West Virginia UCEA, a defendant incarcerated under a fugitive warrant may not be held solely on a fugitive warrant for a period in excess of ninety days.[35] The court then held that, when a person charged with committing a crime in West Virginia is arrested on a fugitive warrant for crimes committed in another state, the defendant may waive extradition proceedings in the fugitive case.[36] However, if the defendant executes such a waiver, the prosecutor then may elect not to enforce the waiver until after the West Virginia criminal case is concluded.[37] Thus, VanMetre could not voluntarily turn himself over to Virginia authorities before being tried on the West Virginia charges.

The State suggests that this case stands for the proposition that the UCEA authorizes multiple prerequisition commitments, as long as they do not exceed an aggregate of ninety days. But we do not construe the holding of the case in this way. Indeed, if this were true, the court's second holding — that the prosecutor has authority to delay enforcement of the defendant's waiver of extradition — would have been unnecessary. If more than one prerequisition commitment were permitted, the prosecutor could have simply dismissed the fugitive case against VanMetre prior to his waiver of extradition and then re-arrested him on the fugitive warrant after the West Virginia case

---

[34] *Id.* at 154-55.

[35] *Id.* at 156-59.

[36] *Id.* at 159-61.

[37] *Id.* at 161-63.

was resolved. We accordingly reject the State's suggestion that this case stands for the proposition that multiple prerequisition commitments are authorized by the UCEA.

We have been unable to locate a single case from any jurisdiction that interprets the UCEA (or other state equivalent) to authorize more than one period of commitment.[38] Indeed, some jurisdictions go so far as to only allow one extension of up to sixty days beyond the thirty-day initial commitment,[39] although others permit multiple extensions as long as they do not exceed a total of sixty days — *i.e.*, as long as the total aggregate commitment period does not exceed ninety days.[40] And, as the State acknowledges, at least one jurisdiction has determined that a detention for ninety days

---

[38] As we explain later in this opinion, "commitment" under the UCEA refers to court-ordered restraint on a defendant's liberty, including both imprisonment and release on bail.

[39] *See, e.g.*, *Christopher v. Tozer*, 263 S.W.2d 864, 865 (Mo. 1954) (holding that the UCEA gives the court "a limited discretionary power to commit the accused for one time period not to exceed thirty days, and thereafter to order one recommitment for a further period of not to exceed sixty days."); *Treadway v. Heidtman*, 284 So. 2d 473, 474 (Fla. Dist. App. 1973) (holding that the court may recommit the fugitive for only one period not to exceed sixty days when the initial period of commitment expires); *People v. White*, 140 N.W.2d 578, 579 (Mich. App. 1966) (concluding that "the use of the article 'a' appearing in the phrase 'a further period' authorized the lower court to recommit *one* time while awaiting the execution of the governor's warrant").

[40] *See, e.g.*, *Alliey v. Lamm*, 711 P.2d 1258, 1259 (Colo. 1986) (holding that the court did not abuse its discretion when it granted multiple continuances because the UCEA "reposes discretion in the court to extend the initial thirty day commitment for an additional sixty days"); *Odom v. State*, 524 P.2d 217, 219 (Kan. 1974) (holding that the UCEA does not limit the court to granting only one continuance and instead authorizes more than one continuance as long as the sixty-day statutory limit is not exceeded); *Commonwealth ex rel. Colcough v. Aytch*, 323 A.2d 359, 364 (Pa. Super. 1974) (holding that "although it is not good practice to grant numerous continuances," granting multiple continuances totaling not more than sixty days is allowed under the UCEA).

without rendition in one jurisdiction defeats future detention on the same warrant by any other jurisdiction.[41]

We accordingly join the other courts that have addressed this issue in concluding that, under the UCEA, a fugitive may not be committed for a period of time greater than ninety days while awaiting the issuance and service of a governor's warrant. We also conclude that, once this commitment has expired, the fugitive may not again be committed based on the same out-of-state conduct, except upon the service of a governor's warrant.

*A fugitive is committed for purposes of Alaska's UCEA if they are physically incarcerated or if they are restrained on bail or bond*

Given that the UCEA allows for only a maximum period of ninety days of "commitment" prior to the service of a governor's warrant, the next question raised by this case is whether "commitment" refers to both incarceration and release on bail, or only to incarceration.

Alaska Statute 12.70.140 provides that a fugitive arrested on an out-of-state warrant in Alaska shall be committed "to jail for not more than 30 days . . . unless the accused gives bail . . . or until legally discharged." But under AS 12.70.150, a fugitive from justice shall be released on bail during this period unless the underlying crime of extradition is a capital offense. Furthermore, if the requisitioning state does not obtain a governor's warrant within the initial thirty-day period, the court "may discharge the accused or may recommit the accused for a further period of not more than 60 days, or

---

[41] *In re Hval*, 537 A.2d 135, 139 (Vt. 1987). The record does not indicate that Ives was previously detained as a fugitive in any other jurisdiction, and we accordingly express no opinion with regard to this issue.

. . . may again take bail . . . but within a period of not more than 60 days after the date of the new bond or undertaking."[42]

In the briefs submitted to this Court, Ives contends, and the State agrees, that these and other references to "commitment" in the UCEA refer both to incarceration and to bail release. We conclude that the State's concession is again well-founded.[43]

As the State points out, when AS 12.70.140 is read in isolation, it could suggest that the thirty-day limit on commitment is only applicable if the fugitive is in jail, but not if they have been released on bail. However, when we engage in statutory construction, we must, whenever possible, "interpret[] each part or section of a statute with every other part or section, so as to create a harmonious whole."[44] And as the State acknowledges, when AS 12.70.140 is read in conjunction with the following two provisions of the statute, the more compelling interpretation is that the statutory time frame (the mandatory thirty-day commitment and the discretionary sixty-day extension) applies regardless of whether the fugitive is incarcerated or released on bail.

This is also the approach taken by the overwhelming majority of other UCEA jurisdictions.[45] Indeed, we have found only a single case to the contrary.[46]

---

[42]   AS 12.70.160.

[43]   *See Marks v. State*, 496 P.2d 66, 67-68 (Alaska 1972) (requiring an appellate court to independently evaluate any concession of error by the State in a criminal case).

[44]   *Kodiak Island Borough v. Exxon Corp.*, 991 P.2d 757, 761 (Alaska 1999).

[45]   *See, e.g., Orton v. State*, 431 So. 2d 236, 237 (Fla. Dist. App. 1983) (holding that UCEA requires discharge of the accused "from custody or bond" after the expiration of the aggregate ninety-day statutory time period); *Stynchcombe v. Whitley*, 242 S.E.2d 720, 721 (Ga. 1978) ("If the warrant is not executed during the 90-day maximum detention period, the accused is clearly entitled to be discharged from jail or bail."); *State v. Phillips*, 587 N.W.2d 29, 34, 36 (Minn. 1998) ("Under the clear language of the UCEA and the facts of this case,

(continued...)

Because the legislature's express intent in adopting the UCEA was that the law should be interpreted as consistently as possible with other jurisdictions, we give significant weight to the near-unanimity of the approach taken by other jurisdictions. Given that this approach is in accord with our interpretation of the statute's plain language, we now hold that "commitment" for purposes of the UCEA refers to both incarceration and constraint on bail.

*Conclusion*

For the reasons explained in this opinion, we conclude that, under the UCEA, any commitment to await the issuance and service of a governor's warrant is limited to a single period of up to ninety days. We also conclude that commitment includes both incarceration and release on bail or bond. After such a commitment has ended, a fugitive may not be again arrested for the same out-of-state conduct, except upon the service of a governor's warrant.

---

[45] (...continued)
the district court was without the authority to hold Phillips in custody and to continue his bond beyond 90 days from his . . . arraignment. . . . Demanded persons have the right . . . to be confined for only reasonable periods of time, be it through incarceration or bail."); *In re Colasanti*, 249 A.2d 1, 3 (N.J. Super. App. Div. 1969) ("The sections only limit the time during which one arrested as a fugitive may be kept in jail (or on bail in lieu thereof) pending the completion of extradition proceedings and the issuance of the governor's arrest warrant."); *Carter v. State*, 708 P.2d 1097, 1100 (Okla. 1985) (same); *Lanz v. State*, 815 S.W.2d 252, 253 (Tex. App. 1991) ("[Texas's UCEA] outlines the procedure to be utilized in the issuance of a fugitive warrant and provides that an individual arrested pursuant to such a warrant shall not be committed or held to bail for a longer time than ninety days.").

[46] *People v. Williams*, 391 N.Y.S.2d 518, 520 (N.Y. Crim. 1977) ("[The dictionary] defines 'commitment' as a 'consignment to a penal or mental institution.'"). *Contra, e.g.*, *Jones v. People*, 404 N.Y.S.2d 525, 526 (N.Y. Cnty. 1978) ("It is apparent that this 90 day limit would be the maximum time that the fugitive could be detained or held on bail.").

# In the Court of Appeals of the State of Alaska

**Adam Phillip Ives,**
                    Petitioner,

          v.

**State of Alaska,**
                    Respondent.

Trial Court No. **3AN-21-06756CR**

Court of Appeals No. **A-13900**

# Order
Petition for Rehearing

Date of Order: **10/13/2023**

Before:      Allard, Chief Judge, and Wollenberg and Harbison, Judges

The State of Alaska seeks rehearing of our decision in *Ives v. State*, __ P.3d __, 2023 WL 2721359 (Alaska App. Mar. 31, 2023). The State asserts that this Court misconceived the State's concession in this case. The State contends that it did not concede that, once an initial commitment has expired, a fugitive may not again be committed based on the same out-of-state conduct.[1] The State therefore asks us to amend our decision to remove our contrary conclusion or, alternatively, to provide analysis in support of our holding.

In response, Adam Phillip Ives agrees that the State did not concede this point in the briefing to this Court. But he contends that we should issue an amended decision that continues to maintain, and indeed further explains, this point of law.

---

[1] *See Ives v. State*, __ P.3d __, 2023 WL 2721359, at *3 (Alaska App. Mar. 31, 2023).

We agree with the parties that the State did not concede that only a single period of prerequisition commitment is authorized by the Uniform Criminal Extradition Act. Because our decision could be read to suggest that the State conceded this, and because it contains an insufficient analysis of this point of law, we GRANT the petition in part.   An amended opinion that does not suggest the State conceded this point of law will be issued concurrently with this order. The opinion clarifies the reasons for our conclusion that a fugitive may not be subjected to multiple prerequisition commitments for the same out-of-state conduct.

IT IS ORDERED:

1.      Opinion No. 2742, issued on 3/31/2023, is WITHDRAWN.

2.      Opinion No. 2761, is issued on this date in its place.

3.      In all other respects, the petition for rehearing is DENIED.


Entered at the direction of the Court.


Clerk of the Appellate Courts

_____
Meredith Montgomery


cc:    Court of Appeals Judges
       Judge Nesbett
        Publishers (Op. No. 2742, 3/31/2023)


Distribution:

Bordon, Tristan, Alaska Public Defender Agency
Stenson, Heather, Office of Criminal Appeals