# Third District Court of Appeal

## State of Florida

Opinion filed October 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1841
Lower Tribunal No. F24-9899
_____


**Thomas E. Johnson,**
Petitioner,

vs.

**State of Florida, et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender and Amy Weber, Assistant Public Defender, for petitioner.

James Uthmeier, Attorney General and David Llanes, Assistant Attorney General, for respondent State of Florida.


Before FERNANDEZ, GORDO, and BOKOR, JJ.

BOKOR, J.

Thomas Johnson, detained in Florida on the authority of a Mississippi warrant, petitions for habeas corpus relief. He claims that sections 941.15 and 941.17, Florida Statutes, impose a ninety-day maximum on how long a fugitive can be held awaiting extradition. But Johnson's argument fails for two reasons: (1) he waived extradition, agreed to return to Mississippi voluntarily, and expressly agreed not to seek habeas relief pertaining to any warrant seeking his return; and (2) he has separate criminal charges pending in Florida which would preclude application of sections 941.15 and 941.17. We therefore deny the petition.

## I.     Background

In 2022, Johnson was arrested in Mississippi and charged with two felony counts of trafficking in controlled substances. He was released on bond. On March 20, 2024, the Eleventh Judicial Circuit Court in Miami-Dade County issued a warrant for Johnson's arrest on felony charges of fraud, grand theft, and forgery. On April 30, 2024, he was arrested in Mississippi on the Miami-Dade warrant and sent to Florida to answer the charges. On May 10, 2024, a bail bondsman notified the Mississippi court of Johnson's incarceration here in Florida. The Mississippi court then issued a fugitive arrest warrant for violation of his Mississippi bond.

On May 13, 2024, Johnson signed a waiver of his rights under the Florida Uniform Criminal Extradition Law, Chapter 941, Florida Statutes, before a judge of the Miami-Dade Circuit Court. The waiver states:

> I, Thomas Johnson, being the person arrested and charged with being a fugitive . . . . have been informed of my rights under the Uniform Extradition Act that I may require issuance of a Warrant of Extradition and of my right to contest such warrant by a Writ of Habeas Corpus.
>
> I hereby waive the rights and privileges I am at liberty to exercise and agree to voluntarily return to the State of Mississippi [and] further understand that I will be held in custody pending arrival of officer(s) from said State . . . .

He later posted bond on the Florida charges but remains detained on the out-of-state fugitive warrant. Now, having been held for more than ninety days solely on the fugitive warrant, he argues that sections 941.15 and 941.17 dictate his release.

## II.    Analysis

Johnson is a fugitive of the State of Mississippi and has agreed to return there voluntarily. Under section 941.02, Florida Statutes, "it is the duty of the Governor of this state to have arrested and delivered up to the executive authority of any other state . . . any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state." Our extradition proceedings require the Governor to issue an arrest warrant in execution of that duty upon formal demand of the state from

3

whose authority the fugitive has fled. §§ 941.03, 941.07, Fla. Stat. But the fugitive "may waive the issuance and service of the [Governor's] warrant . . . **and all other procedure incidental to extradition proceedings**" by signing a waiver conforming to certain formalities. § 941.26(1), Fla. Stat. (emphasis added). Johnson signed such a waiver. He therefore waived all the procedure incidental to our extradition proceedings, including the habeas protections codified in the statute, not to mention his express agreement to "be held in custody pending arrival of officer(s) from" Mississippi, who have not yet arrived. The waiver alone is sufficient reason to deny this petition.[1]

But absent the waiver, Johnson still cannot show entitlement to the statutory protection of sections 941.15 and 941.17. The ninety-day statutory limit on detention does not run while a fugitive subject to extradition is being prosecuted locally. Florida's law is based on the Uniform Criminal Extradition Act, so courts outside of Florida that have interpreted similar provisions can guide our construction. Paley v. Bieluch, 785 So. 2d 692, 694 (Fla. 4th DCA 2001). Construing a substantively identical statute, the Court of Appeals of Wisconsin has held that the thirty- and sixty-day limits run "[o]nce the local charge is no longer pending." State ex rel. Miller v. Columbia Cnty. Sheriff,

---

[1] Cf. Vargas v. Junior, 254 So. 3d 1092, 1095 (Fla. 3d DCA 2018) (applying sections 941.15 and 941.17 where the trial court "vacated Vargas's waiver of extradition, as Vargas had requested").

383 N.W.2d 499, 501 (Wisc. Ct. App. 1986). This conclusion is in harmony with the rest of the statute, because even a fugitive who does not waive our procedure may be held "until he or she has been tried and discharged or convicted and punished in this state" at the discretion of the Governor. § 941.19, Fla. Stat.; see also Conage v. United States, 346 So. 3d 594, 598 (Fla. 2022) (interpreting a statutory provision in the "broader context of the statute as a whole" (citation omitted)).

Regardless of whether Johnson waived the procedures incidental to our extradition process, the Governor has a duty to deliver him to Mississippi, and the State has a right to prosecute him. The fact that Johnson consented to all this does nothing to limit "the powers, rights, or duties of the officers of the demanding state or of this state," in executing their obligations. § 941.26(2), Fla. Stat.

### III.    Conclusion

Under the circumstances here, Johnson's detention beyond ninety days is lawful. Johnson waived any challenge to his detention incident to the Mississippi warrant and the statutory limits do not run while Florida pursues its own charges.

Petition denied.

5